811 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IN RE GRAND JURY SUBPOENA NO. 86-1-52-37 (Dominic J. Sorise).
 No. 86-2088.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1986.
 
 Before NELSON and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Dominic Sorise appeals a district court order finding him in civil contempt for refusing to answer a question put to him by a federal grand jury. We are satisfied that no answer given by Mr. Sorise would incriminate him, and we shall affirm the judgment of the district court.
 
 
 2
 Mr. Sorise, a criminal defense attorney, was subpoenaed to testify before the grand jury in connection with its investigation of possible violations of the criminal law by a former law partner. Mr. Sorise was willing to produce certain financial records covered by the subpoena, but he informed the U.S. Attorney's office that he would decline to give oral testimony, either invoking the Fifth Amendment right against self incrimination or asserting that his lips were sealed by the attorney-client privilege. At the request of the U.S. Attorney's office the district court entered an order granting Mr. Sorise use immunity pursuant to 18 U.S.C. Secs. 6002 and 6003. Although Mr. Sorise was told the order existed, the government did not immediately have it served on him. Instead, an Assistant U.S. Attorney negotiated an informal immunity agreement with Mr. Sorise, under the terms of which agreement Mr. Sorise was to give testimony regarding the law firm's financial records and the U.S. Attorney was not to ask questions about possible use or possession of controlled substances by the ex-partner. This agreement was memorialized in an exchange of letters between Mr. Sorise's attorney and the U.S. Attorney's office.
 
 
 3
 When Mr. Sorise appeared before the grand jury, the Assistant U.S. Attorney confined his questions to the area agreed on and Mr. Sorise gave testimony on the financial matters as to which he had agreed to testify. On his own initiative, however, the foreman of the grand jury put the following question to Mr. Sorise: "During your relationship with [the ex-partner] in the office or in person, did you ever see any drugs in the office or his use of them outside the office?" Mr. Sorise refused to answer this question on the basis of his Fifth Amendment right and his informal agreement with the government. It does not appear that Mr. Sorise would violate the attorney-client privilege if he answered the question. On November 25, 1986, the district court entered the order from which Mr. Sorise appeals, finding him in contempt for refusing to answer. Mr. Sorise was thereafter served with the original court order granting him use immunity.
 
 
 4
 There are two questions presented on this appeal. First, could any statements made by Mr. Sorise regarding his observation of any use or possession of drugs by the former partner be used against Mr. Sorise in a later criminal proceeding? Second, was the grand jury bound by the agreement entered into by Mr. Sorise with the U.S. Attorney's office?
 
 
 5
 We are confident that any statements Mr. Sorise may make before the grand jury on the subject of the ex-partner's use or possession of drugs would be covered by the use immunity order issued by the district court, and thus could not be used against Mr. Sorise in a later criminal proceeding. At oral argument, moreover, the Assistant U.S. Attorney gave his assurance, as an officer of the court, that the testimony in question would not so be used.
 
 
 6
 We also conclude that the grand jury was in no way bound by the agreement between Mr. Sorise and the U.S. Attorney's office. The grand jury is an independent body that acts "independently of either prosecuting attorney or judge." Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). See also United States v. Dionisio, 410 U.S. 1, 16, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), and United States v. Udziela, 671 F.2d 995, 999 (7th Cir.) cert. denied, 457 U.S. 1135 (1982) ("the grand jury is a constitutional fixture in its own right, belonging to neither the executive nor the judicial branch"). Informal immunity agreements entered into by the U.S. Attorney without the approval of the district court bind only the U.S. Attorney and not the court. United States v. Hembree, 754 F.2d 314, 317 (10th Cir.1985); see also United States v. Feinberg, 631 F.2d 388, 391 (5th Cir.1980) (a promise by a probation officer that a petition to revoke probation would not be filed did not estop the district court from revoking probation). Similarly, an informal immunity agreement entered into by the U.S. Attorney's office on its own behalf cannot serve to bind the grand jury.
 
 
 7
 No agency relationship existed between the U.S. Attorney and the grand jury, and there is no indication in this case that the grand jury had any prior knowledge of the specific terms of the informal immunity agreement or ratified those terms in any way. Neither is there any indication that anyone from the U.S. Attorney's office encouraged the grand jury to ask Mr. Sorise about use or possession of drugs by the ex-partner. The grand jury was not bound by the terms of the informal immunity agreement, and it was free to put to Mr. Sorise whatever pertinent questions it wanted answered.
 
 
 8
 Mr. Sorise contends that the court order granting him use immunity was superseded by the informal agreement, that the informal agreement gives him no immunity except as to financial matters, and that any answers to questions about the ex-partner's involvement with drugs could therefore be used to incriminate Mr. Sorise. There is no risk that such testimony will be so used as long as this court sits, however, and Mr. Sorise's strong desire not to testify cannot create a risk of self-incrimination that does not exist.
 
 
 9
 The judgment of the district court is AFFIRMED.