**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond  FEINBERG,
Defendant–Appellant.**

No. 79–3571.

United States Court of Appeals,
Fifth Circuit.
Unit A

Nov. 24, 1980.

Charles R. Burton, John L. Foster, Austin, Tex., for defendant–appellant.

J. A. Canales, U. S. Atty., Houston, Tex., William C. Bryson, John C. Winkfield, Appellate Section, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff–appellee.

Before WISDOM, GARZA and REAVLEY, Circuit Judges.

PER CURIAM:

We have before us an appeal from the revocation of a term of probation. Appellant Raymond Feinberg received a three—year probated sentence in 1977 upon his entry of a guilty plea before the United States District Court for the Southern District of Texas to a charge of possession of marijuana with the intent to distribute. Among the terms of probation imposed by Judge Owen Cox was a requirement that Feinberg refrain from the violation of any law.

On June 20, 1979, Feinberg entered a guilty plea in the United States District Court for the Western District of Texas to a charge of possession of a firearm by a convicted felon. The plea was accepted and he was convicted, again receiving a probated sentence.

The United States Probation Office in the Southern District then petitioned the district court there to revoke the probation of Feinberg's original sentence on the basis of his guilty plea and conviction in the Western District. A hearing was held and Judge Cox ordered revocation.

Feinberg brings two novel assignments of error. First, he contends that after his conviction in the Western District, an Assistant United States Attorney in the Southern District promised that if certain information were supplied, his office would not move the court to revoke probation. The probation officer is alleged to have suggested to the prosecutor that Feinberg might have useful information. The government admits that conversations were held between the appellant and FBI or DEA agents, and further states that while Feinberg "appeared to be cooperative and candid," he "did not provide them with any useful information." We are now urged to decree specific performance of the United States Attorney's promise not to petition for revocation, and to hold that it bound the probation office.

Secondly, it is alleged that Feinberg's Western District plea was tactical, made to avoid joint trial with a co–defendant named with the appellant in an eight–count indictment. Feinberg maintains his innocence, and argues that the "[E]ntry of a guilty plea and conviction upon that plea is not an admission of guilt where the defendant continues to maintain his innocence." He would have us hold that in order to make a case for revocation, the government must show a violation of the conditions of probation "apart from mere proof of the prior guilty plea and conviction."

### THE PROMISE NOT TO REVOKE

In essence, Feinberg attacks the jurisdiction of the district court over this revocation matter. He does so by challenging the validity of the initiating petition, on an argument that a government officer's promise not to bring such a petition should be enforced by this court. We agree that when such a promise is made the government should keep to it, but we disagree with any assertion that a failure to do so would prevent the district court from revoking probation when it acquires knowledge of a violation of the terms thereof, and is satisfied after a hearing that such a violation did occur.

Feinberg's approach ignores the special relationship which exists between a court which has imposed probation and the probationer. The relevant relationship is not one of an adversary nature between the government and the probation officer, but is instead one of an almost paternal nature between the court and the probationer. The Supreme Court has noted that probation offers a party found guilty of an offense the "opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the district court to impose institutional punishment for his original offense in the event that he abuse this opportunity." *Roberts v. United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943). The statutory scheme governing the imposition of probation and supervision during a probationary term, 18 U.S.C. § 3651 *et seq.*, makes it clear that jurisdiction of the sentencing court over a probationer continues until the expiration of the term, subject to the provisions of § 3653 governing the transfer of such jurisdiction between districts.

A perusal of § 3653 also reveals that there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer.[1]

---

1. The relevant portion of § 3653 reads as follows:

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the warrant was issued or of any district in which the probationer is found. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in such district.

Whenever the district court having jurisdiction over a probationer acquires knowledge from any source that a violation of the conditions of probation may have occurred, the court may then on its own volition inquire into the matter, in a manner consistent with the requirements of notice and due process which have been held applicable. The government might bind itself by a promise not to institute revocation proceedings, but it could not bind the district court or deprive it of the power to inquire into a violation of the conditions of probation.

While we hold that the district court was not precluded from revoking Feinberg's probation by the actions of the United States Attorney and Probation Office, we condemn the breach of such a promise as was alleged to have been made here. In the exercise of our supervisory powers, we order these authorities to refrain from entering into agreements regarding the revocation of probation unless they are submitted to the district court for its approval. The probationer must be informed that any agreement is subject to the approval of the district court, and that such approval might be withheld in the exercise of the court's discretion. If the district court should approve such an agreement, we will enforce it where a breach occurs.

## SUFFICIENCY OF THE EVIDENCE

By his second point, Feinberg alleges that the mere fact of his guilty plea in the Western District was an insufficient ground for revocation where that plea was made pursuant to a plea bargain and he has maintained his innocence. We reject this argument in its entirety. "Evidence that would establish guilt beyond a reasonable doubt is not required to support a court's discretionary order revoking probation. All that is required is that the evidence and facts reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions or [sic] probation." *United States v. Langley*, 438 F.2d 91 (5 Cir. 1970). The district courts have broad discretion with regard to the revocation of probation, and their actions will not be disturbed in the absence of a clear showing of an abuse of that discretion. *Burns v. United States*, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932); *United States v. Clanton*, 419 F.2d 1304 (5 Cir. 1969).

It has long been established that conviction of a crime–whether or not the defendant contests the accuracy of the charge–is compelling proof of the violation of a term of probation. *Morrisey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *United States v. Garza*, 484 F.2d 88 (5 Cir. 1973). Feinberg recognizes that the latter proposition is the law of this circuit, but urges that we discard it and require more than mere proof of a guilty plea and conviction. Even if we were able to overrule the holding of another panel of this court, we would decline to do so here. We find no abuse of discretion to have been committed by Judge Cox.

AFFIRMED.