UNITED STATES of America, Plaintiff,

v.

**Kenneth BERGER, Defendant.**

**No. CR–96–0283 MAG (BZ).**

United States District Court,
N.D. California.

Sept. 9, 1997.

Geoffrey A. Hansen, Fed. Public Defenders Office, San Francisco, CA, for defendant.

George D. Hardy, U.S. Atty's Office, San Francisco, CA, for U.S.

### ORDER DENYING MOTION TO DISMISS PROBATION VIOLATION PROCEEDING

ZIMMERMAN, United States Magistrate Judge.

On December 2, 1996, Defendant Kenneth Berger pled guilty to two misdemeanor violations of 18 U.S.C. § 844, illegal possession of controlled substances. He was sentenced to a three-year term of probation. The conditions of his probation included participating in a substance abuse program, refraining from any unlawful use of a controlled substance and submitting to periodic drug tests as directed by the probation officer.

On June 5, 1997, Ellen Fritz, Berger's probation officer, notified the Court through a "Form 12—Petition for Probation Action" that Berger had tested positive for THC metabolite (marijuana); Fritz recommended that the matter be handled administratively and that I take no action at that time. I concurred and so ordered. On June 23, Fritz filed another Form 12 reporting a similar violation and containing a similar recommendation. This time I had reservations about the recommendation, but upon reflection, concluded that I should give the administrative sanctions more time to take effect and ordered again that her recommendation obtain. On July 21, 1997, Fritz filed another Form 12 advising that Berger had still again tested positive for marijuana; this time Fritz recommended that Berger be required to show cause why his probation should not be revoked. I so ordered. At his initial appearance, Berger moved to dismiss the probation revocation proceeding on the grounds that the court lacked jurisdiction over the proceeding because it had been initiated by the probation officer and not by the United States Attorney. After briefs were filed, I held a hearing. Because Berger misperceives the role of the probation officer in a revocation proceeding, his motion must be denied.

The thrust of Berger's argument is that the probation officer is not authorized to initiate a probation revocation proceeding, which is how Berger characterizes the filing of the Form 12 on July 21, 1997. Berger is mistaken. While the probation officer is not expressly authorized by statute to initiate a probation revocation proceeding, she is authorized to report to the court on the probationer's compliance with the sentence imposed upon him. When the defendant violates the terms of that sen-

tence, the probation officer must report the matter to the judge.[1] 18 U.S.C. § 3603 requires that a United States Probation Officer:

(8)(A) when directed by the court, and to the degree required by the regimen of care or treatment ordered by the court as a condition of release, keep informed as to the conduct and provide supervision of a person conditionally released ... and report such person's conduct and condition to the court ordering release and to the Attorney General or his designee, and

(B) immediately report any violation of the conditions of release to the court and the Attorney General or his designee, ....

While it is somewhat inartfully styled a "Petition for Probation Action" and contains archaic language praying that the court take action, the Form 12 is nothing more than the report required by the statute. This is illustrated by the use of the Form 12 in this proceeding. The first two Form 12s filed by the probation officer prayed that I take no action. The third prayed for an Order to Show Cause. It was not until I issued the Order to Show Cause that the matter was placed on calendar and the revocation proceeding began. I could have initiated a revocation proceeding in response to the earlier Form 12s, notwithstanding the probation officer's recommendation, as I almost did following the second. Or I could have concluded that, notwithstanding the probation officer's recommendation, this revocation proceeding was not warranted. Regardless of the title on the Form 12, it was I as sentencing judge who initiated the revocation proceeding -not the probation officer.

▇▇▇ Equally erroneous is Berger's contention that a probation revocation proceed-

ing is similar to the filing of a new criminal charge and may only be initiated by the United States Attorney. It is well settled that a probation revocation proceeding is not a criminal proceeding. *Minnesota v. Murphy,* 465 U.S. 420, 435 n. 7, 104 S.Ct. 1136, 1146 n. 7, 79 L.Ed.2d 409 (1984); *Gagnon v. Scarpelli,* 411 U.S. 778, 781–2, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973). This is because the liberty interest at stake in a probation revocation proceeding is not the absolute liberty which every citizen enjoys but the conditional liberty a probationer enjoys so long as he complies with the conditions of probation. The instrument by which a court monitors compliance with the conditions of probation is the probation officer. "The federal probation officer serves as the court's eyes and ears ... while the offender is serving his sentence of probation. The [sentencing] judge must rely on the frank, unfiltered reports of the probation officer in order to monitor the offender's compliance with the court's own orders." *Schiff v. Dorsey,* 877 F.Supp. 73, 78 (D.Conn.1994). When the probation officer reports on a violation of a defendant's sentence, the probation officer acts as an agent of the court, not as a law enforcement agent. If the prosecutor concludes the probationer has violated a criminal law, the prosecutor is free to initiate criminal proceedings separate from the probation revocation proceedings.

▇▇▇ No statute requires the United States Attorney to initiate all probation revocation proceedings.[2] The laws governing revocation of probation—18 U.S.C. §§ 3565 and 3603, and Federal Rules of Criminal Procedure ("Rule") 32.1—place the primary responsibility for such proceedings with the court. *United States v. Feinberg,* 631 F.2d 388, 391 (5th Cir.1980). The role of the United States Attorney is secondary. Sec-

---

1. The United States Sentencing Guidelines elaborate the probation officer's duty to report alleged probation violations. The Guidelines require the probation officer to report any violation unless the probation officer makes a determination that the violation is minor and not part of a continuing pattern of violations, that not reporting the violation does not place anyone at undue risk, and that not reporting the violation is not inconsistent with the court's directives. United States Sentencing Commission, *Guidelines Manual,* § 7B1.2.

2. As one court has noted: "[T]here is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer. Whenever the district court having jurisdiction over a probationer acquires knowledge from any source that a violation of the conditions of probation may have occurred, the court may then on its own volition inquire into the matter, in a manner consistent with the requirements of notice and due process which have been held applicable." *United States v. Feinberg,* 631 F.2d 388, 391 (5th Cir.1980)

**950**

tion 3603 directs the probation officer to report any violation "to the court and the Attorney General or his designee." There would be little need for a report to the court if a probation revocation proceeding could only be initiated by the United States Attorney. Rule 32.1 states that the court has a duty to notify the United States Attorney and provide an opportunity to object before modifying a defendant's sentence in a manner favorable to the defendant. This rule would be meaningless unless a probation revocation proceeding could be initiated by the court.

Nor is Berger's contention constitutionally sound. To accept it would be tantamount to abdicating the Judiciary's sentencing responsibility to the Executive. No good reason exists for such an abdication and substantial mischief could flow from it. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801, 107 S.Ct. 2124, 2134, 95 L.Ed.2d 740 (1987) ("If the Judiciary were completely dependent on the Executive Branch to redress direct affronts to its authority, it would be powerless to protect itself if that Branch declined prosecution").[3] *See also United States v. Feinberg*, 631 F.2d 388 (5th Cir. 1980) (discussing the possibility that the United States Attorney might have an ulterior motive not to file a probation revocation proceeding).

Neither of the reasons advanced by Berger in support of such a result withstand scrutiny. First, Berger claims that absent the involvement of the United States Attorney, he will not receive favorable information from the prosecutor's file, as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Berger has cited no authority for applying *Brady* to a probation revocation proceeding and there is law to the contrary. *United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir.1991). Nor

has Berger explained why his rights to receive a copy of the probation officer's report and to examine her at the revocation hearing are not adequate.

Second, Berger complains that the probation officer met with me *ex parte* prior to his initial appearance to discuss her report. Berger concedes that "the Ninth Circuit has held that under Fed.R.Crim.P. 32 a probation officer may meet *ex parte* with a court to discuss 'the presentence report and sentence outside defendant's presence.'" *United States v. Gonzales*, 765 F.2d 1393, 1398 (9th Cir.1985). In the context of a revocation proceeding, he argues, the "accuser" should not be permitted to discuss the "factual basis" of the alleged violation with the court *ex parte*. While I have doubts about the soundness of that argument given my views about the nature of a revocation proceeding, I need not decide this issue. As I explained during the hearing, the *ex parte* discussion I had with the probation officer was to advise her that I had reservations about her recommendation that Berger be confined in a community corrections center and to ask her to investigate several custodial options I was considering. The factual basis of the violation was not discussed.

The Form 12 procedure by which the probation officer notifies the court of a possible violation of probation is consistent with statutory authority and sound policy.[4] There is no basis for dismissing the probation revocation proceeding in this case. Berger's motion is DENIED and it is ORDERED that a hearing on whether Berger's probation will be revoked will be held on Wednesday, September 24, 1997 at 1:30 p.m. in Courtroom G.

---

3. At oral argument, Berger erroneously cited *Young*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740, for the proposition that a probation revocation proceeding is similar to a contempt proceeding which must be initiated by the U.S. Attorney. *Young* actually held that while a court has inherent authority to appoint a private attorney as Special Prosecutor in a criminal contempt proceeding, it should ordinarily first request the proper prosecuting authority to prosecute a contempt action.

4. A contrary conclusion was reached in *U.S. v. Jones*, 957 F.Supp. 1088 (E.D.Ark.1997), although it is not altogether clear whether the judge or the probation officer calendared that revocation hearing. No reported case has followed that ruling. At least one court has declined to do so. *U.S. v. Wilson*, CR 93–0048 (W.D.Okla. May 12, 1997) (unreported opinion). I respectfully disagree with it.