**UNITED STATES of America, Plaintiff,**

v.

**Carlotta J. WILSON, Defendant.**

No. CR–93–48–A.

United States District Court, W.D. Oklahoma.

Sept. 10, 1997.

Edward J. Kumiega, Asst. U.S. Atty., Oklahoma City, OK, for Plaintiff.

Paul Anthony Lacy, Asst. Fed. Public Defender, Oklahoma City, OK, for Defendant.

### MEMORANDUM OPINION

ALLEY, District Judge.

On May 12, 1997, the Court heard arguments of counsel concerning defendant Carlotta J. Wilson's motion to dismiss the petition for revocation of supervised release. After hearing these arguments and considering the parties' written submissions, the Court denied the motion on that date for reasons stated orally in open court. The Court now issues the following memorandum opinion to memorialize its decision.

Defendant seeks a determination that a probation officer cannot lawfully present a petition for revocation of supervised release directly to the Court. She contends that by initiating a revocation proceeding independently of the United States Attorney, a probation officer exceeds his or her statutory authority and engages in the unauthorized practice of law. Defendant relies heavily on a recent decision to that effect from another judicial district, *United States v. Jones,* 957 F.Supp. 1088 (E.D.Ark.1997).

█ With due deference to the United States District Court for the Eastern District of Arkansas, and with a high degree of curiosity how the court and the probation office in that district apparently got in such cross-purposes, I disagree with the decision rendered by Judge Eisele. I find that it is quite proper to continue the procedure that has been done in this district, that the probation office present revocation cases to the Court by petition, with a recommendation for a particular disposition of that petition.

My reasons are as follows: The Probation Office functions as part of the Court; it is in place to assist the Court in performing judicial functions. The Probation Office is not an agency like one of the investigative or police agencies, or like the United States Attorney's Office, that lies outside the court system and makes independent decisions to investigate, to bring criminal charges, or the like.

█ There are several lines of cases that cause me to conclude that for the purpose of initiating a proceeding to revoke a defendant's term of supervised release, as well as other purposes, the Probation Office is part of the Court itself. The Tenth Circuit has ruled that probation officers in the performance of their tasks are entitled to a rule of absolute immunity and not qualified immunity. *Tripati v. United States Immigration & Naturalization Serv.,* 784 F.2d 345, 348 (10th Cir.1986). Probation officers are people with whom the judges may properly confer ex parte in connection with decisions based on probation reports—the same kind of conference as might be done with an elbow law clerk, for example—which cannot be done ethically with police or with the United States Attorney.

There exists another reason, however, that is more important than the Probation Office's being part of the court system. It is principally this reason that leads me to conclude that Judge Eisele has an erroneous view of the United States Attorney's role in revocation cases.

The significance of vesting the petitioning authority in the United States Attorney would be that the United States Attorney would thereby exercise prosecutorial discretion in the decision whether to proceed or not. That discretion is certainly imbedded in law with respect to charging decisions, to take a case to the grand jury or to take a

case through the information process directly to court. It would be entirely inappropriate, however, in a revocation case.

The relationship between the Court and the defendant is a preexisting one created by the judgment of conviction and sentence. In that relationship, it is absolutely up to the Court, using whatever arms and agencies are available in the court system, to decide what to do. Nothing seems more unsuitable than a system in which the Court would be empowered to proceed on an alleged violation of a condition of supervised release only if the United States Attorney's Office exercised its prosecutorial discretion to place a decision in front of the Court. That would be absolutely wrong; it would be a distortion of the relationship between the Court and the person whose violation is alleged.

I do not deprecate the United States Attorney by saying that he should not participate in any prosecutorial decision to bring an alleged violation before the Court for consideration. It is simply my belief that a violation of a condition of supervised release is purely a matter for decision by the Court relative to the defendant in the case. No attorney for the government needs to, or should, act as a clearinghouse, a filter, or a gatekeeper with respect to that decision.

Further, functionally it makes little difference what a particular piece of paper—whether approved by the Administrative Office or not—is called. Violation issues are raised by the Probation Office and communicated to the Court on what is captioned a "petition." The petition, however, really is a form of report that the probation officer makes to the assigned judge, which is specifically countenanced by law. See 18 U.S.C. § 3603(2). The form contains options and alternatives that the judge may select, ranging from a hearing on a warrant (following issuance thereof) to no action whatsoever. Consequently, the role played by the piece of paper, the petition itself, is different from any document that would come from the United States Attorney. Its office is primarily to convey information between the Court and the Probation Office and only secondarily, should the Court deem it necessary, to provide a convenient mechanism for bringing the defendant before the Court. No practice of law by the probation officer is involved.

For all of these reasons, defendant's motion to dismiss the revocation petition is DENIED.