**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

LIN EDWARD DAVIS,

      Defendant-Appellant.

No. 97-6188

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 89-CR-224-T)

---

Submitted on the briefs:[*]

Joseph L. Ruffin, Oklahoma City, Oklahoma for Defendant-Appellant.

Patrick M. Ryan, United States Attorney, and Teresa M. Black, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **ANDERSON**, **MAGILL**,[1] and **KELLY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause therefore is ordered submitted without oral argument.

[1] Hon. Frank J. Magill, Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

**KELLY**, Circuit Judge.

Defendant-Appellant Lin Edward Davis appeals from the district court's revocation of twenty-four months of his three-year term of supervised release. On appeal, Mr. Davis contends that the initiation of revocation proceedings by a probation officer exceeds the officer's authority pursuant to 18 U.S.C. § 3603 and the United States Constitution. Mr. Davis also argues the district court abused its discretion in sentencing him to the maximum term of imprisonment for violation of the terms of his supervised release. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## Background

In 1989, Mr. Davis was convicted of several crimes in federal district court, and was sentenced in April 1990 to seventy months in prison to be followed by three years of supervised release. He began his three-year term of supervised release in March 1996, and in February 1997 voluntarily agreed to modify the terms of his release to include a 120-day stay at the Oklahoma Halfway House.

Shortly thereafter, Mr. Davis's probation officer notified the district court that Mr. Davis had violated the terms of his supervised release by failing to report to the Oklahoma Halfway House and by writing two worthless checks totaling $2,200. The officer also filed a "Petition for Warrant or Summons for Offender Under Supervision" wherein he requested a warrant for Mr. Davis's arrest and

2

revocation of Mr. Davis's supervised release.

The warrant issued, Mr. Davis was arrested, and a revocation hearing was set. Mr. Davis moved to dismiss the petition, arguing that the probation office's practice of initiating revocation proceedings is without statutory authorization and constitutes the unauthorized practice of law. The district court denied the motion, reasoning that the reporting and catch-all provisions of 18 U.S.C. § 3603 authorize a probation office to prepare and file petitions for revocation of supervised release and that a probation officer's preparation of such petitions requires no application of legal principles or techniques. After a revocation hearing, the district court found Mr. Davis had violated the conditions of his release. In sentencing Mr. Davis to the statutory maximum of twenty-four months, the district court rejected the suggested range of twelve to eighteen months because it did not take into account the circumstances of his case, specifically Mr. Davis's "complete[ ] fail[ure] [to avail himself of the benefits of the halfway house], . . . complete defiance of the orders of this Court, . . . [and] additional criminal conduct[.]" II R. at 96.

## Discussion

### 1. Probation Office's Authority to File Petitions Requesting Initiation of Revocation Proceedings

We review Mr. Davis's statutory and constitutional challenge to the probation office's authority to initiate revocation proceedings de novo. See

3

United States v. Reyes-Castro, 13 F.3d 377, 378 (10th Cir. 1993). In essence, Mr. Davis raises four arguments against the probation office's practice of filing petitions that seek warrants, summons, and revocation proceedings: (1) filing such petitions exceeds the statutory authority granted to probation officers in 18 U.S.C. § 3603; (2) the authority to file those petitions instead rests exclusively with the United States Attorney; (3) the district court improperly delegates a judicial function by allowing probation officers to file such petitions; and (4) by filing such petitions with the district court, probation officers engage in the unauthorized practice of law.

Though this issue is one of first impression among the circuit courts, several district courts have examined the matter, and only one has invalidated the practice. See United States v. Jones, 957 F. Supp. 1088, 1090-91 (E.D. Ark. 1997). For the reasons discussed below, we agree with the other three district courts examining this question that the probation office's practice of filing petitions seeking revocation of supervised release is proper. See United States v. Berger, 976 F. Supp. 947 (N.D. Cal. 1997); United States v. Wilson, 973 F. Supp. 1031 (W.D. Okla. 1997); United States v. Burnette, 980 F. Supp. 1429 (M.D. Ala. 1997).

Three overarching principles inform the relationship between the district court, probation officer, and defendant, and they guide our analysis. First, the

4

district court and defendant have an ongoing relationship which predates the initiation of revocation proceedings; the imposition of a sentence which includes a term of supervised release requires it. See 18 U.S.C. § 3583(a), (e) (authorizing the district court to impose, terminate, extend, or revoke a term of supervised release or modify its terms); Burnette, 980 F. Supp. at 1431; Wilson, 973 F. Supp. at 1032. Second, the probation officer must maintain contact with the defendant to ensure that the defendant complies with the terms and conditions of his supervised release. See 18 U.S.C. § 3603(1)-(3). In fact, he is by statute "responsible for the supervision of any probationer or a person on supervised release who is . . . within the judicial district[.]" 18 U.S.C. § 3603(4).

Third, and most important, the probation officer serves as "an investigative and supervisory 'arm of the court[.]'" Burnette, 980 F. Supp. at 1433 (quoting United States v. Johnson, 935 F.2d 47, 49 (4th Cir.), cert. denied, 502 U.S. 991 (1991)). The probation officer is appointed and may be removed by the district court, see 18 U.S.C. § 3602(a), and, in addition to fulfilling the enumerated requirements imposed by Congress in 18 U.S.C. § 3603, performs "any other duty that the court may designate," 18 U.S.C. § 3603(10), subject, of course, to constitutional restraints. Because of the "close working relationship between the probation officer and the sentencing court," the probation officer may communicate ex parte with the district court, see United States v. Stanphill, —

5

F.3d —, 1998 WL 327200, at *3 n.1 (10th Cir. June 22, 1998); Johnson, 935 F.2d at 49, and is entitled to absolute immunity from suit in the performance of his or her judicially-related functions. See Tripati v. INS, 784 F.2d 345, 348 (10th Cir. 1986), cert. denied, 484 U.S. 1028 (1988). As a practical matter, then, the probation officer serves as a liaison between the sentencing court, which has supervisory power over the defendant's term of supervised release, and the defendant, who must comply with the conditions of his supervised release or run the risk of revocation. With the unique role of the probation officer in mind, we turn to Mr. Davis's contentions.

As to Mr. Davis's argument that 18 U.S.C. § 3603 does not provide probation officers the authority to file petitions seeking revocation, we note that the statute requires probation officers to "report the conduct and condition [of a person on supervised release] to the sentencing court" 18 U.S.C. § 3603(2). Though Mr. Davis argues that filing petitions far exceeds reporting, see Aplt. Brief at 8, we do not agree. The "petition" which Mr. Davis challenges is in reality a form filled out by the probation officer and submitted to the sentencing court in which the officer lists the alleged violations and recommends what action, if any, should be taken. See I R. docs. 143, 144; see also Burnette, 980 F. Supp. at 1433; Wilson, 973 F. Supp. at 1033. In fact, the "petition" is not at all unlike the other reporting forms it accompanies in the monograph Supervision of

Federal Offenders, which is published by the Probation and Pretrial Services Division of the Administrative Office of the United States Courts. See I R. doc. 151 exh. a. As a practical matter, the petition is simply a means by which the probation officer conveys information about the defendant to the sentencing court; in other words, it is a report, and the probation officer is clearly empowered to so report under 18 U.S.C. § 3603(2). See Berger, 976 F. Supp at 948-49; USSG § 7B1.2 p.s.. Moreover, even if we were to find filing such a petition was not "reporting" as authorized by the statute, the catch-all provision of section 3603 would encompass the probation officer's actions. See 18 U.S.C. § 3603(10) ("A probation officer shall perform any other duty that the court may designate.").

Mr. Davis, however, asserts that if § 3603(10) is the root of the probation officer's authority to file a petition to revoke supervised release, the sentencing court improperly delegates a judicial function to a non-judicial officer in violation of Article III. See, e.g., United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir. 1995) (involving delegation of authority to establish restitution schedule); United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995) (same). We disagree. The form itself is illustrative; by checking the appropriate boxes on the form, the probation officer simply recommends to the sentencing court action he believes the district court should take. The form, however, also contains a separate section

7

to be completed by the sentencing court, indicating what action, if any, it wishes to take. See I R. docs. 143, 144. Thus, the sentencing court, not the probation officer, ultimately determines whether revocation proceedings will be initiated. This reservation of judicial power is completely consistent with the sentencing court's "primary responsibility for such proceedings." Berger, 976 F. Supp. at 949 (citing United States v. Feinberg, 631 F.2d 388, 391 (5th Cir. 1980)); see Fed. R. Crim. P. 32.1. Accordingly, the sentencing court at most delegates to probation officers the power to recommend revocation proceedings, and in light of probation officers' duty to report, the district court may be delegating no authority at all. Considering the sentencing court's reliance on the probation officer's supervisory and investigative functions and retention of discretionary power to invoke revocation proceedings, no improper delegation of judicial power occurs.

Mr. Davis similarly argues that by filing petitions to revoke supervised release probation officers usurp the U.S. Attorney's authority and discretion to file an information or seek an indictment. See Jones, 957 F. Supp. at 1091. We disagree. Probation revocation proceedings are not criminal proceedings, see Minnesota v. Murphy, 465 U.S. 420, 435-36 n.7 (1984), and "there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer." Feinberg, 631 F. 2d at 390-91; see Berger, 976 F.

8

Supp. at 949-50; Wilson, 973 F. Supp. at 1032-33. The sentencing court may initiate such proceedings sua sponte based on information acquired from any source, including the probation officer who, as we noted earlier, is primarily responsible for acquiring and presenting such information to the sentencing court. See Feinberg, 631 F.2d at 391. Moreover, because of the ongoing relationship between the sentencing court and the defendant created by the imposition of a term of supervised release, placing the sole discretion to initiate a revocation proceeding with the U.S. Attorney "would be tantamount to abdicating the Judiciary's sentencing responsibility to the Executive." Berger, 976 F. Supp. at 950. Though the U.S. Attorney retains discretion to file new criminal charges against the defendant arising from the defendant's violation of conditions of release which are criminal in nature, we reject Mr. Davis's view of the U.S. Attorney as the only officer who may initiate revocation of supervised release.

Finally, probation officers do not engage in the unauthorized practice of law by filing petitions to initiate revocation proceedings. But see Jones, 957 F. Supp. at 1091. "[T]he probation officer is doing no more than discharging [his] responsibility" to the sentencing court as required by 18 U.S.C. § 3603, the district court retains discretion to reject or accept the probation officer's recommendations, and either party may appeal from a sentencing court's adoption of the probation officer's recommendation. United States v. Montoya, 24 F.3d

9

1248, 1249 (10th Cir. 1994).

### 2. Sentencing Court's Imposition of the Maximum Term of Imprisonment for Violation of Terms of Supervised Release

Mr. Davis also argues the district court abused its discretion in sentencing him to the maximum term of imprisonment for violations of the terms of his supervised release. We generally review Mr. Davis's sentence to determine whether the district court's sentence is "reasoned and reasonable," United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992), but review the district court's findings of fact for clear error and its interpretation and application of the Sentencing Guidelines de novo. See United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir.), cert. denied, 513 U.S. 1031 (1994).

Mr. Davis's arguments relating to the district court's decision to impose the maximum sentence focus on the district court's decision to "depart" from the recommended sentence without notice and a hearing, an argument which is foreclosed by United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996), cert. denied, 117 S. Ct. 1283 (1997), and United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996). Mr. Davis urges reconsideration, but as a panel of the larger court we may not overrule circuit precedent. See United States v. Walling, 936 F.2d 469, 472 (10th Cir. 1991). Moreover, it is clear from the district court's colloquy prior to sentencing that the factors listed in 18 U.S.C. § 3553 were considered, and the record supports the district court's sentence.

10

AFFIRMED.