F I L E D
United States Court of Appeals
Tenth Circuit

NOV 10 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY LEE JACKSON,

    Defendant - Appellant.

No. 98-7044

(E.D. Okla.)

(D.C. No. CR-92-22-S)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On May 29, 1992, Defendant pled guilty to violating 18 U.S.C. § 922(a)(6). He was sentenced to twenty-seven months' imprisonment, to be followed by three years of supervised release. Defendant's supervised release began on October 4,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1995. On January 21, 1998, the United States Probation Office filed a petition for the revocation of Defendant's supervised release, alleging several violations of the supervised release. At a subsequent hearing on March 17, 1998, Defendant admitted that he had committed five of the six alleged violations of his supervised release. The district court found that Defendant had violated at least five conditions of his supervised release and revoked his supervised release. The court sentenced Defendant to twenty-four months' imprisonment, the maximum statutory term allowable under 18 U.S.C. § 3583(e)(3). Defendant challenges the court's imposition of a sentence that exceeds the range recommended in United States Sentencing Guidelines § 7B1.4(a) for violations of the terms of his supervised release. Counsel for Defendant filed a motion to withdraw accompanied by an Anders brief. See 10th Cir. R. 46.4.2; Anders v. California, 386 U.S. 738 (1967).

We review a sentencing court's factual findings underlying the application of the guidelines for clear error and its interpretation and application of the guidelines de novo. See United States v. Davis, 151 F.3d 1304, 1308 (10th Cir. 1998); United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997). Defendant's argument focuses on the district court's decision to "depart" from the recommended sentence range. In accordance with Defendant's criminal history category V and grade C violations, U.S.S.G. § 7B1.4(a) recommends a range of

seven to thirteen months' imprisonment upon revocation of supervised release. The court stated that it had considered the policy statements in Chapter 7 of the guidelines recommending seven to thirteen months but believed that these provisions were advisory in nature. Consequently, the court sentenced Defendant to twenty-four months' imprisonment pursuant to 18 U.S.C. § 3583(e)(3). Prior decisions of this court foreclose Defendant's argument that the court was obliged to follow the recommended guideline range for revocation of supervised release. We held in United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992), that "the policy statements regarding revocation of supervised release contained in Chapter 7 of the U.S.S.G. are advisory rather than mandatory in nature." See also United States v. Hurst, 78 F.3d 482, 483-84 (10th Cir. 1996) (reaffirming Lee and advisory nature of Chapter 7 provisions in light of two Supreme Court cases). Lee requires the sentencing court to consider the policy provisions "in its deliberations concerning punishment for violation of conditions of supervised release." Lee, 957 F.2d at 774. In addition, the determination of sentence must be "reasoned and reasonable." Id. Because the court took the policy statements into consideration, see R., Vol. II at 11, and because we cannot determine from the record that the sentencing decision was anything but "reasoned and reasonable," Lee, 957 F.2d at 774, we affirm Defendant's sentence under 18 U.S.C. § 3583(e)(3). See Hurst, 78 F.3d at 484. We also grant Counsel's Motion

to Withdraw.

AFFIRMED and GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-