

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# USA v. Burnam

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Burnam" (2006). *2006 Decisions*. Paper 576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2173

———————

UNITED STATES OF AMERICA

v.

KENNETH BURNAM
a/k/a "KB"
a/k/a VICTOR JR. RICHARDSON
a/k/a VENTON EUGENE SMITH

Kenneth Burnam,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 99-cr-00205-01)
District Judge: Hon. William W. Caldwell

———————

Submitted under Third Circuit LAR 34.1(a)
March 7, 2006

BEFORE:  GREENBERG and ROTH*, <u>Circuit</u> <u>Judges</u>, and
BUCKWALTER**, <u>District</u> <u>Judge</u>

(Filed: August 17, 2006)

———————

*Judge Roth assumed senior status on May 31, 2006.

**Honorable Ronald L. Buckwalter, Senior Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

---

OPINION OF THE COURT

---

BUCKWALTER, <u>Senior District Judge</u>.

This is an appeal which initially raises the issue stated by Appellant as follows:

> Whether this Honorable Court has jurisdiction over this appeal from a Rule 35(b) order under the broader statute at 28 U.S.C. § 1291 pertaining to final orders of District Court as well as the more narrow statute 18 U.S.C. § 3742(a) governing appeals from judgment of sentence?

This court, in a footnote in <u>U.S. v. Cooper</u>, 437 F.3d 324, 327 (3d Cir. 2006) suggests that jurisdiction might be found in both. A portion of that note follows:

> Although we rely solely on 18 U.S.C. § 3742(a)(1) as the basis for our jurisdiction to review for reasonableness, we note there also might be jurisdiction under 28 U.S.C. § 1291. This Court has regularly taken jurisdiction over sentencing appeals under both statutes. *See, e.g., United States v. Graham*, 72 F.3d 352, 358 n. 8 (3d Cir. 1995) ("[W]e believe our jurisdiction to review [defendant's] sentence lies pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) because [defendant] has alleged that his sentence was imposed in violation of law, that is, in violation of his constitutional rights."); *United States v. King*, 21 F.3d 1302, 1304 (3d Cir. 1994) ("We have jurisdiction over [defendant's] appeal from the district court's judgment of sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.").

Clearly, however, this court does not have jurisdiction to review the district court's exercise of discretion regarding whether or by how much to grant a downward departure or the extent of the departure. *See* <u>Cooper</u>, <u>supra</u>, at p. 332, 333.

2

Next, Appellant argues notwithstanding the lack of jurisdiction with regard to the court's exercise of discretion that the sentence was imposed in violation of law and it was plainly unreasonable.  § 3742(a)(1)(4).

First, Appellant claims that the district court went far beyond the scope of his undisputed substantial assistance by taking into account other matters such as his presentence report in refusing to grant him a meaningful reduction.[1]  This is nothing more than an argument about the court's exercise of its discretion over which we have no jurisdiction.

Second, Appellant claims the district court met secretly with the probation officer and reconsidered a four-year old, inaccurate presentence report.

Finally, since his original sentence imposed on October 13, 2000 was enhanced by a judge and not a jury, it was imposed in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004).  Appellant's direct appeal from that sentence was denied and the judgment of sentence affirmed on July 16, 2001 (*see* 265 F.3d 1057 (3d Cir. 2001 (table)).

With regard to the second claim above, the record reveals that the district court sentenced Appellant on October 13, 2000.  About 3 ½ years later, on April 20, 2004, the same district court held a hearing on the Rule 35 motion filed by the

---

1.  Rule 35(b) does not in any way limit what factors the court may consider as to ruling against a reduction in sentence.  What it does say is the factor the court may consider in favor of a sentence reduction; namely, substantial assistance in investigating or prosecuting another person.

government. At that hearing, the court received the testimony of a DEA agent who explained the assistance Appellant provided to the DEA. The Appellant, called as a witness by his counsel, testified and asked that in addition to a downward departure, he receive an evaluation for the 500-hour drug program (App. 121). He also testified that he would continue to assist the government and conceivably ask the government to file another Rule 35 motion (*See* 124a).

At the conclusion of testimony but before determining the departure, the district court said:

> THE COURT: Okay. As we're all aware, it's been four years, I guess, since I dealt with this sentencing. I have gone through the pre-sentence report. I would like an opportunity to consult with Mr. Vought who was the writer of the pre-sentence report. So we're going to take a 15 minute recess at this time and then we'll reconvene.
>
> THE CLERK: Court is in recess for 15 minutes.
>
> (Recess was taken from 10:13 a.m. to 10:28 a.m.)

No objection was made to this consultation. The court obviously wanted to review the background of the case before determining what, if any, reduction to give Appellant. Clearly, this is not plain error.[2]

---

2. In United States v. Aspinall, 389 F.3d 332, 348-349 (2nd Cir. 2004), the court referred to the probation department as follows:

> . . . the Probation Department is an arm of the court. *See, e.g., United States v. Reyes*, 283 F.3d 446, 455 (2d Cir. 2002), *cert denied,* 537 U.S. 822, 123 S.Ct. 106, 154 L.Ed.2d 31 (2002). We have noted that the probation officer is a "confidential adviser to the court, . . . the court's 'eyes and ears', a neutral information gatherer with loyalties to no one but the court." *Id.* (internal

4

Next, the use of the four-year old presentence report poses no <u>Blakely</u> issues in this case where all objections to it were resolved at the original sentencing hearing (*See* App. 63(a)(1),(2)).  Moreover, the Appellant admitted to the facts that drove up his guideline calculation, including what he admitted during the cooperation phase, the use of which is permitted during the sentencing phase under paragraph 22 of the plea agreement (App. 37(a), 37(b)).

Finally, Appellant never raised a Sixth Amendment claim before the district court or on appeal and cannot do so now.  <u>United States v. Pultrone</u>, 241 F.3d 306, 307 (3d Cir. 2001).

Based on the foregoing, we will affirm the judgment of the district court filed and entered on April 20, 2004, wherein the court ordered that the period of imprisonment imposed in this case on October 13, 2000, of twenty (20) years), is reduced to a period of imprisonment of eighteen and one-half (18 ½) years.

---

quotation marks omitted).  As such, the probation officer is "often the most appropriate person [ ] to bring to the attention of the court . . . an offender's conduct that is threatening to the public." *Id*. at 457 (internal quotation marks omitted).  *Accord United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998) ("Because of the close working relationship between the probation officer and the sentencing court, the probation officer may communicate ex parte with the district court." (internal quotation marks omitted)).