# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4236

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Richard C. Crandon, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 7, 2007
Filed: February 13, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Richard C. Crandon appeals the 24-month sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.

Crandon originally pleaded guilty in the District of New Jersey to receiving photographs depicting a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). This was a Class C felony. See 18 U.S.C. § 2252(b)(1) (20-year maximum prison term); 18 U.S.C. § 3559(a)(3) (offense classification). Crandon

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

was sentenced to 78 months in prison and 3 years of supervised release. His supervised release began in June 2003, and was overseen by the probation office in the Western District of Missouri. After Crandon violated the conditions of his supervised release by accessing the internet, for which he served 120 days in a halfway house, jurisdiction over Crandon's case was transferred to the Western District of Missouri on August 6, 2005. At the November 2005 revocation hearing, Crandon stipulated to violating again the conditions of release by maintaining an internet account and by failing to submit a truthful and complete report to the Probation Officer each month. Testimonial evidence also indicated that he had shown pornography to his minor son. The court imposed the statutory maximum of 24 months in prison, see 18 U.S.C. § 3583(e)(3) (2-year maximum revocation sentence if underlying offense was Class C felony), noting Crandon's "compulsive and destructive" behavior and the need to protect children.

We reject Crandon's argument that the court's presentencing ex parte discussion with the probation officer violated his rights, because Crandon waived the issue by failing to object at the sentencing hearing. See United States v. Behler, 14 F.3d 1264, 1273 (8th Cir. 1994) (defendant waived issue that district court's ex parte meeting with probation officer was error because he knew about meeting and failed to object at sentencing hearing). Even if he had not waived the issue, there is no merit to his argument. See United States v. Davis, 151 F.3d 1304, 1306 (10th Cir. 1998) (because of close working relationship between probation officer and sentencing court, probation officer may communicate ex parte with district court). In addition, we conclude that the 24-month revocation sentence was not unreasonable and therefore not an abuse of discretion. Specifically, the sentence was within authorized limits and was based upon the district court's consideration of appropriate factors under 18 U.S.C. §§ 3583(e) and 3553(a). See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (24-month revocation

sentence was not abuse of discretion where transcript showed court was aware of defendant's multiple violations of supervised-release conditions and of Guidelines range and statutory maximum).

Accordingly, we affirm. Counsel's motion to withdraw is granted.

_____