**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES W. SHIELDS,

Defendant-Appellant.

No. 06-3309

District of Kansas

(D.C. No. 02-CR-20084-JWL)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

A federal district court sentenced James W. Shields in February 2003 to twenty-seven months in prison and two years supervised release as punishment for his conviction on one count of possessing child pornography. Mr. Shields violated the conditions of his release approximately a year into the term, prompting his probation officer to petition the district court to revoke Mr. Shields's release and return him to prison.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At his revocation hearing on August 21, 2006, Mr. Shields stipulated that he had in fact violated the terms of his release by visiting strip clubs, patronizing prostitutes, shopping at adult bookstores, viewing adult pornography online, and accessing computer files containing pornographic pictures of children. He also admitted to touching inappropriately a twelve-year-old girl some thirteen years earlier, an incident he had not previously disclosed. Mr. Shields disputed the government's characterization of these acts—he maintained that they were not as serious nor as frequent as the government alleged—but he did not dispute that the acts occurred.

The U.S. Sentencing Guidelines recommended a range of four to ten months imprisonment for Mr. Shields's conduct, which qualified as "Grade B" by the terms of the Guidelines manual. U.S. Sentencing Guidelines Manual § 7B1.4 (2006). The defendant requested a sentence at the low end of the range; counsel for the government asked the court to sentence Mr. Shields to twenty-four months imprisonment, the statutory maximum. The court sided with the government, citing a series of considerations, including the need to deter Mr. Shields, protect the community, and qualify him for an intensive sex-offender treatment program run by the Bureau of Prisons.

Mr. Shields appeals this sentence to our Court, arguing that he was not given notice of the district court's intention to depart upward from the Guidelines

range.  He also contends that his sentence was substantively unreasonable.  We reject both claims.

We begin with Mr. Shields's notice argument.  While he labels the district court's decision to impose the statutory-maximum sentence an "upward departure," this is not precisely how we have used the term in the sentencing context, *see United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007), and it is especially misleading when invoked here.  As we held in *United States v. Burdex*, 100 F.3d 882, 885 (10th Cir. 1996), "[a] sentence in excess of the Chapter 7 [Guidelines] range is not a 'departure' from a binding guideline."

Unlike the rest of the Sentencing Guidelines, the suggested sentences for violations of supervised release that appear in Chapter 7 of the Sentencing Manual have never been mandatory.  Consequently, we have never called a sentence above the Chapter 7 range a "departure" and have never required district courts to provide notice to defendants before imposing one.  "[A] sentencing court is not required to give notice of its intent to exceed the sentencing range prescribed by the Chapter 7 policy statements for violations of supervised release." *Burdex*, 100 F.3d at 885; *see United States v. Davis*, 151 F.3d 1304, 1308 (10th Cir. 1998) (holding that the defendant's argument that the district court should have provided notice of its intent to "depart" upward from the Chapter 7 policy statements was foreclosed by *Burdex*).

We acknowledge that this rule is in some tension with our decision in *Atencio*, which required district courts to provide pre-hearing notice of any intent to vary a defendant's sentence above the Guidelines range, even though the Guidelines are now advisory. 476 F.3d at 1104. But the *Burdex* line of precedent is both clear and well-established. This panel has no power to overrule it. Accordingly, we conclude that Mr. Shields's notice argument must fail.

Turning to the defendant's substantive challenge to his sentence, we note that "[b]ecause there is no applicable sentencing guideline" governing the imposition of sentences for violations of supervised release, our "standard of review is 'plainly unreasonable.'" *United States v. White*, 244 F.3d 1199, 1204 (10th Cir. 2001) (citing 18 U.S.C. § 3742(3)(4)). This standard remains unchanged by *Booker*. *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005). Still, although the Chapter 7 policy statements are—like the rest of the Guidelines, post-*Booker*—advisory rather than binding, the trial court must consider them before imposing a sentence for violation of supervised release, *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004), just as it must consider the now-advisory Guidelines range when imposing a sentence in the first instance, *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). No "magic words" are required to demonstrate that the district court has in fact weighed the Chapter 7 recommendations or the other factors Congress has instructed it to consider. *Tedford*, 405 F.3d at 1161. It is enough that the district

court acknowledges the Chapter 7 range along with the 18 U.S.C. § 3553(a) sentencing factors and states its reasons for imposing a given sentence. *See United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258-59 (10th Cir. 2006); *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004).

In sum, if a district court imposes a sentence above that recommended by the Sentencing Manual's Chapter 7, we will reverse only if the record reveals the sentence was unreasoned and unreasonable. *Rodriguez-Quintanilla*, 442 F.3d at 1258 (internal quotations omitted).

In the instant case, the district court offered a lengthy explanation for its decision to sentence Mr. Shields to the statutory maximum. Given the care with which the court set forth its rationale, we cannot say that the sentence was unreasoned. Nor can we say it was substantively unreasonable. The trial judge explicitly acknowledged the Chapter 7 guidelines and affirmed that he had considered them. He went on to cite a series of factors, mirroring the list in § 3553(a), that informed his sentence above the Chapter 7 recommendation: the guidelines range did not accurately reflect the seriousness of Shield's behavior, according to the district court; the recommended range did not provide adequate deterrence; Mr. Shields had dissembled in acknowledging his guilt; he showed little or no remorse; he posed a continuing danger to the community; and he required intensive, professional counseling.

The defendant argues that the sole factor motivating the trial court's sentence was its conclusion that he ought to participate in an eighteen-month, government-run treatment program for sex offenders. Mr. Shields points us to the Sixth Circuit's decision in *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006), which rejected as unreasonable a sentence predicated on the length of time it would take the defendant to complete an in-house substance-abuse treatment program, much like the program the district court in our case envisioned for Mr. Shields. As in our case, the sentence in *Yopp* totaled twenty-four months, and followed the defendant's violation of his supervised release. *Id.* at 771-72.

Unlike our case, however, the trial court in *Yopp* appeared to premise its sentence solely on the requirements of the substance-abuse treatment program. *Id.* at 774. Further, the trial court failed to mention or consider either the Chapter 7 policy statements or the § 3553(a) factors. *Id.* at 773-74. The district judge who sentenced Mr. Shields, by contrast, weighed the Chapter 7 recommendations and thoroughly considered the § 3553(a) factors, on which he based his sentence. We do not require more. Mr. Shields's sentence was not plainly unreasonable.

Accordingly, the judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge