# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3245

_____

United States of America,

          Appellee,

v.

Steven L. Hines,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 5, 2010
Filed: March 31, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

     Steven Hines appeals the 15-month prison sentence the district court[1] imposed after revoking his supervised release. He argues that the court erred in finding he violated a condition of his supervised release, and in imposing the sentence without considering a 6-month period of home detention he previously had served.

     We conclude that the district court did not clearly err in determining that Hines violated the terms of his supervised release, based on the undisputed fact that he was

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

convicted of a felony drug offense in Texas state court; and that the court did not abuse its discretion in revoking his supervised release. See United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (reviewing for abuse of discretion district court's decision to revoke supervised release, and for clear error district court's factfinding as to whether or not violation occurred; government must prove by preponderance of evidence that defendant violated condition of his supervised release; under clear-error review, this court may reverse only if it has definite and firm conviction that district court was mistaken); cf. United States v. Feinberg, 631 F.2d 388, 391 (5th Cir. 1980) (per curiam) (rejecting probationer's argument that guilty plea was insufficient ground for revocation because it was made pursuant to plea bargain and probationer maintained his innocence; conviction of another crime--whether or not defendant contests accuracy of charge--is compelling proof of probation violation); United States v. Gentile, 610 F.2d 541, 542 (8th Cir. 1979) (published order holding that criminal conviction provides sufficient grounds for revocation of probation even though appeal from conviction is still pending).

As to the sentence, upon careful review, we conclude that the district court considered the prior period of home detention. Further, we conclude that the sentence, which is within the advisory Guidelines range, is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); see also 18 U.S.C. § 3583(e) (factors to be considered before revoking supervised release and imposing sentence; limit on revocation sentence for Class B felony); United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (district court need not make specific findings where record shows court was aware of relevant factors; revocation sentence within Guidelines range is accorded presumption of reasonableness).

Accordingly, we affirm.

_____