53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Percell HUMES, Defendant-Appellant.
 No. 94-5664.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 13, 1995.
Decided May 2, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CR-94-11)
 Joseph Barry McCracken, COOK & McCRACKEN, Norfolk, Va for Appellant. Helen F. Fahey, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin Percell Humes ("Humes") appeals from the district court's revocation of his supervised release. Because we find the objections raised on appeal without merit, we affirm the order of the district court.
 
 I.
 
 2
 On February 26, 1993, Humes pleaded guilty to three counts of bank fraud, and the Southern District of New York sentenced Humes to four months in prison and to three years supervised release, including home detention for the first four months. The court also ordered Humes to pay $150 in special assessments and $14,000 in restitution.
 
 
 3
 Once Humes was released from prison, he began his home detention and supervised release in Chesapeake, Virginia, living with his mother. On January 14, 1994, the Eastern District of Virginia accepted jurisdiction over Humes's supervised release.
 
 
 4
 On August 3, 1994, the probation officer filed a petition to revoke Humes's supervised release, alleging various violations of the conditions of the release including: (1) failure to report in person to the probation office on numerous occasions; (2) failure to submit information pertaining to his employment, living expenses, and background information concerning his associates; (3) breach of the terms of home detention; (4) use of a controlled substance on September 4, 1994; (5) failure to maintain employment or actively seek employment and to notify the probation office of changes in his employment status; and (6) failure to make restitution.
 
 
 5
 Humes moved for an order requiring the disclosure of evidence against him pursuant to Federal Rule of Criminal Procedure 32.1 and potentially favorable evidence within the possession of the government pursuant to Brady v. Maryland, 373 U.S. 83 (1963), requesting, among other things, his entire probation file. Humes's case was originally before Judge John MacKenzie, and Judge MacKenzie granted Humes's motion on August 16, 1994. However, at the time Judge MacKenzie granted the motion, Humes's case had already been transferred to Judge Raymond A. Jackson. Also on August 16, Judge Jackson granted the motion but limited the scope of materials to which Humes could have access.
 
 
 6
 After a hearing, the district court found that Humes violated each condition as stated in the probation officer's petition. The court sentenced Humes to two years incarceration.
 
 II.
 
 7
 Appellant contends that the district court committed error by denying him access to his entire probation file and by failing to properly consider Section 7B1.4 of the United States Sentencing Commission, Guidelines Manual (1993). He also contends that there was insufficient evidence to warrant a finding that Humes had used a controlled substance.
 
 
 8
 Under Brady, a criminal defendant is entitled to all material exculpatory evidence within the possession and control of the government. 373 U.S. at 87. However, the government is not required to routinely turn over its entire file to the defendant. United States v. Agurs, 427 U.S. 97, 111 (1976). The district court in this case limited discovery to those materials in the government's possession relating to the revocation of Humes's supervised release that the government intended to use in its case in chief. Humes contends that he was entitled to his entire probation file.
 
 
 9
 Federal Rule of Criminal Procedure 32.1(a)(2)(B) requires "disclosure of the evidence against the [probationer]." The entire probation file was not used as evidence against Humes, and Humes was allowed to cross-examine all of the witnesses, including the probation officer. Failure to allow Humes access to his entire probation file was not a violation of Rule 32.1(a)(2)(B) or of due process. United States v. Donaghe, 924 F.2d 940, 944 (9th Cir.1991); United States v. Tham, 884 F.2d 1262, 1265 (9th Cir.1989).
 
 
 10
 Appellant also contends that the district court should have considered the policy statements of Sec. 7B1.4 of the Sentencing Guidelines. The probation revocation tables in Sec. 7B1.4 are not binding on the courts. United States v. Denard, 24 F.3d 599, 602 (4th Cir.1994). The district court found that Humes committed several violations of his conditions of supervised release, and it was well within its authority to disregard the policy statements and sentence Humes to two years in prison in accordance with 18 U.S.C. Sec. 3583(e)(3) (Supp. V 1993).
 
 
 11
 Appellant maintains that there was insufficient evidence to warrant the district court's finding that Humes used a controlled substance. We review the district court's finding for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir.1992). The district court had only to find a violation of this condition of Humes's supervised release by a preponderance of the evidence. 18 U.S.C. Sec. 3583(e)(3) (Supp. V 1993).
 
 
 12
 Humes admitted taking medicine prescribed to his mother. The parole officer testified that she found this medication in a Physicians' Desk Reference and discovered that it contained a controlled substance. The district court heard the testimony and observed the witnesses first hand. The district court did not abuse its discretion in finding that Humes violated this provision of his supervised release.
 
 
 13
 For the foregoing reasons, we affirm the order of the district court revoking Humes's supervised release and imposing a prison sentence in its stead.
 
 
 14
 AFFIRMED.