**UNITED STATES of America,
Plaintiff,**

v.

**Marlon Dewayne DIXON, Defendant.**

**No. CRIM A. 2:99–00050.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 20, 2002.

John J. Frail, Assistant U.S. Attorney, U.S. Attorney's Office, Charleston, WV, for the Government.

Mary Lou Newberger, Federal Public Defender, Federal Public Defender's Office, Charleston, WV, for the Defendant.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion for disclosure of evidence against him and for production of exculpatory evidence. The Court **GRANTS** the motion as moulded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 1999 Defendant Marlon DeWayne Dixon was sentenced to sixty-three (63) months imprisonment and a five year supervised release term. The sentence was later modified to twenty-seven (27) months imprisonment followed by a three year supervised release term.

On December 13, 2001 the probation officer petitioned the Court to address alleged violations of the terms and conditions of Defendant's supervised release. Based on the allegations, the Court ordered the issuance of a warrant for Defendant's arrest. The petition alleges Defendant committed burglary and domestic assault and battery and recommends revocation of supervised release.

On February 5, 2002 Defendant filed the instant motion. Among other categories of information,[1] Defendant also seeks:

A copy of, or the opportunity to inspect and copy, any information in the possession of the probation office which will be offered against the defendant or which may constitute *Brady* material. The defendant represents that this information should be disclosed because it contains material evidence that supports the defendant's position that supervision should not be revoked.

Mot. at 1.

## II. DISCUSSION

The sum of the rule-based discovery obligations to a defendant facing revocation are set forth in *Rule* 32.1(a)(2), *Federal Rules of Criminal Procedure:*

(2) **Revocation Hearing.** The revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction. The person shall be given

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear and to present evidence in the person's own behalf;

(D) the opportunity to question adverse witnesses; and

(E) notice of the person's right to be represented by counsel.

*Id.*

*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny holds a defendant's due process rights are violated when the Government fails to disclose to the defendant, prior to trial, evidence favorable to him where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Some courts have questioned whether *Brady* is applicable in the revocation context. *See, e.g., United States v. Berger,* 976 F.Supp. 947, 950 (1997) ("Berger has cited no authority for applying *Brady* to a probation revocation proceeding and there is law to

---

1. The information sought in paragraphs two through seven is typically produced without incident. Absent information to the contrary, the Court assumes that material will be, or has already been, provided seasonably by the Government.

the contrary.").[2] Indeed, the categories of information required by *Rule* 32.1 appear drawn directly from the Supreme Court's decision in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Other courts suggest due process may require more than simple adherence to *Rule* 32.1(a)(2). *See, e.g., United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir.1991) ("We have held that failure to allow a probationer to view his probation file prior to a revocation hearing violates neither Fed.R.Crim.P. 32.1(a)(2)(B) *nor due process* if the government does not use it as evidence against the probationer.") (emphasis added); *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir.1989) ("Tham argues that, because he was not allowed to view his probation file prior to the revocation hearing, both the Rule and due process were violated. The file, however, was not used as evidence. Tham was provided the opportunity to cross-examine all the witnesses, including his probation officer. There was no violation of the Rule *or of due process*.") (emphasis added). *But see* 9A Federal Procedure § 22:1881 (1993 and Supp.2001) ("The government is only required to disclose evidence against a pro-

bationer if it was actually used against the probationer.").[3]

## A. Evidence Usable Against Defendant

■ It appears axiomatic defendants facing revocation shall have access to all evidence in the probation office's file that will be offered *against* them. Typically, the probation officer, as a matter of course, discloses all evidence supporting revocation to both sides and the Court well in advance of the revocation hearing. Furthermore, were the Government to uncover any additional evidence against a defendant, its obligation under *Rule* 32.1(a)(2)(B) would come into play. Defendants will then, as a practical matter, receive all evidence "against" them from the combined disclosures of the probation office and the Government. An additional file review would be superfluous.

In the exceedingly rare instance where some previously unknown, unfavorable evidence is adduced from the probation officer during oral testimony, the Court can provide Defendant the opportunity to meet such testimony by way of a continuance or the ability to review any document upon

---

**2.** This position finds some support by analogy in *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972):

> We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. *Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.*

*Id.* (citations omitted). The Supreme Court also recognized, however:

> Society ... has an interest in not having parole revoked because of *erroneous information or because of an erroneous evaluation of the need to revoke parole*, given the breach of parole conditions. And society has a further interest in treating the parolee with *basic fairness: fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness.*

*Id.* at 484, 92 S.Ct. 2593 (citations omitted) (emphasis added).

**3.** Our Court of Appeals, albeit in an unpublished disposition, has relied previously upon both *Donaghe* and *Tham*. *See United States v. Humes*, 53 F.3d 329, 1995 WL 253635 (4th Cir.1995)

which the unfavorable testimony might be based.

### B. Evidence Favorable to Defendant

■ The disclosure of favorable evidence is a closer issue. The Court does not believe it appropriate to categorically refuse the compulsion of favorable evidence. *Morrissey* appears to counsel a more reasonable course:

> What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion *will be informed by an accurate knowledge of the parolee's behavior.*
>
> . . . .
>
> Th[e revocation] hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. *The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.*

*Morrissey,* 408 U.S. at 484, 488, 92 S.Ct. 2593 (emphasis added).

Unlike the disclosure of evidence against the defendant, favorable evidence is not as likely to come into defendant's possession in due course. For example, the Government and the probation office are two distinct and separate entities. They function independent of each other and the probation officer is in no way an agent of the prosecution. *United States v. Washington,* 146 F.3d 219, 223 (4th Cir.1998) ("[A] probation officer ... [is a] neutral, information-gathering agent of the court, not an agent of the prosecution.") (quoting *United States v. Johnson,* 935 F.2d 47, 49–50 (4th Cir.1991)). Accordingly, unlike information supporting revocation, the Government will not necessarily have favorable or exculpatory information from the probation officer in its possession prior to the hearing. The defendant, then, will not necessarily receive that information from the Government in due course as a result of its *Brady* review and disclosure.

At the same time, it is not reasonable to expect a probation officer to recognize and discharge a *Brady* obligation with the trained eye of a prosecutor. The probation officer is unfamiliar with the day-to-day application of *Brady* and its progeny engaged in by prosecutors. To require the probation officer to review and make final determinations on favorability and disclosure, then, would be burdensome, fraught with peril, and possibly intrusive of the confidential relation of probation officer to the Court.

Considering, then, the defendant's interest in favorable information or material in mitigation of revocation or sentence along with the practical considerations and flexible nature of the revocation proceeding, the Court concludes the following process will strike an appropriate balance:

1. Defendant must make a timely request by written motion for favorable evidence well in advance of the hearing;

2. Once a motion is timely filed, the probation officer will review the file and extract from it any material satisfying the following prerequisites:

   a. Material information that is either directly exculpatory or of value in impeaching a witness who will testify at the revocation hearing; and

   b. Information is material only if it reasonably could be expected to result in non-revocation or a lower sentence, if revocation occurs.

3. Once extracted from the file, the probation officer should submit the information to the Court for final review and possible disclosure to counsel for both parties.

 As with the prosecutor's decision in the *Brady* context, the probation officer's review and selection, and the Court's ultimate decision, are final. *Cf. Pennsylvania v. Ritchie,* 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) ("In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland,* it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final."); *see also United States v. Trevino,* 89 F.3d 187, 189 (4th Cir.1996).

This procedure takes into account a defendant's valid interests in bringing to the Court's attention evidence in mitigation of sentence and in support of not revoking supervised release or probation. Second, however, it recognizes the flexibility of the fact-finding process at the revocation stage and does not place an unreasonable burden on the supervising probation officer who must always be a neutral repository of information for the prosecutor and the defendant, and yet remain the confidential agent of the Court. *Compare Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593 (noting the revocation stage "is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.").

Based on the foregoing, the Court **GRANTS** Defendant's motion as moulded. The probation officer is directed to review his file in accordance with the process discussed *supra* and to make the required submission, if any, to the Court at least three days prior to the hearing.