**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan MEJIA–SANCHEZ, Defendant–**
**Appellant.**

No. 98–50194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1999.

Filed April 19, 1999.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Lawrence E. Spong, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: MELVIN BRUNETTI, FRANK MAGILL,* and M. MARGARET McKEOWN, Circuit Judges.

MAGILL, Senior Circuit Judge:

Juan Mejia–Sanchez violated a condition of his supervised release, and a probation officer submitted a violation report and petition on supervised release to the district court. Mejia–Sanchez moved to dismiss the petition. The district court denied the motion and sentenced Mejia–Sanchez to one month imprisonment for violating a condition of his supervised release. Mejia–Sanchez contends that the petition should have been dismissed because the probation officer exceeded her statutory authority and only the United States Attorney may initiate revocation proceedings. We affirm.

I.

In 1995, Mejia–Sanchez pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). The United States District Court for the Southern District of California sentenced Mejia–Sanchez to twenty-four months imprisonment, followed by twelve months of supervised release. A condition of Mejia–Sanchez's supervised release prohibited him from illegally reentering the United States if he was deported, excluded, or allowed to voluntarily return to Mexico.

Mejia–Sanchez completed his sentence in October 1996 and was immediately deported to Mexico. While on supervised release, Mejia–Sanchez illegally reentered the United States in May 1997. Mejia–Sanchez pleaded guilty in the United States District Court for the District of Arizona to a charge of illegal reentry subsequent to deportation for an aggravated felony. The Arizona district court sentenced Mejia–Sanchez to forty-six months imprisonment and three years of supervised release.

After learning of Mejia–Sanchez's Arizona conviction, the Southern District of California Probation Office submitted a violation report and a petition on supervised release to the California district court. The report detailed the history of Mejia–Sanchez's case and alleged that Mejia–Sanchez violated a condition of his release

---

* Honorable Frank Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

by illegally reentering the United States. The report recommended that the court issue a bench warrant for Mejia–Sanchez's arrest and that the court revoke his supervised release and sentence him to twelve months imprisonment. In addition to the report, the probation officer submitted to the court a petition on supervised release, which listed the conditions of Mejia–Sanchez's release and his actions that allegedly violated one of those conditions. The petition requested that the court issue a bench warrant for Mejia–Sanchez's arrest and an order to show cause why supervised release should not be revoked. The petition contained a signature block for the court to sign the order if it agreed with the recommendations contained in the petition and the report. On October 20, 1997, the court signed the petition, and Mejia–Sanchez was later taken into custody.

Mejia–Sanchez filed a motion to dismiss the petition on supervised release, arguing that the probation officer lacked authority to initiate the revocation proceeding. After a hearing, the court denied Mejia–Sanchez's motion to dismiss. The court concluded that Mejia–Sanchez had violated a condition of his supervised release and sentenced him to one month imprisonment, consecutive to his sentence in the Arizona proceeding. Mejia–Sanchez filed a timely notice of appeal, challenging the district court's denial of his motion to dismiss the petition.

## II.

Mejia–Sanchez argues that the probation officer exceeded her statutory authority by submitting the petition on supervised release to the district court. He also contends that the probation officer usurped the United States Attorney's exclusive right to initiate revocation proceedings. The only circuit to have addressed these issues has held that a probation officer does not exceed her authority by submitting a petition on supervised release to a district court. *See United States v. Davis,* 151 F.3d 1304, 1307–08 (10th Cir.1998); *accord United States v. Burnette,* 980 F.Supp. 1429, 1435–39 (M.D.Ala.1997);

*United States v. Berger,* 976 F.Supp. 947, 948–50 (N.D.Cal.1997); *United States v. Wilson,* 973 F.Supp. 1031, 1032–33 (W.D.Okla.1997). *But see United States v. Jones,* 957 F.Supp. 1088, 1090–91 (E.D.Ark.1997) (holding that probation officers may not submit petitions on supervised release to district courts). We agree with the *Davis* court and adopt its reasoning.

### A.

■■■ Mejia–Sanchez first contends that the probation officer exceeded her statutory authority by submitting the petition on supervised release to the district court. We review this issue of law *de novo.* *See United States v. Mack,* 164 F.3d 467, 471 (9th Cir.1999).

As the *Davis* court recognized, there is an ongoing relationship among a defendant on supervised release, the probation officer, and a district court. *See Davis,* 151 F.3d at 1306–07. District courts and probation officers are responsible for the oversight of defendants on supervised release. Probation officers assist the courts in this function by maintaining contact with defendants and insuring that they comply with the conditions of their release. *See* 18 U.S.C. § 3603. In particular, the statute requires a probation officer to "keep informed . . . as to the conduct and condition of . . . a person on supervised release . . . and report his conduct and condition to the sentencing court." 18 U.S.C. § 3603(2). The statute also requires probation officers to "immediately report any violation of the conditions of release to the court and the Attorney General or his designee." 18 U.S.C. § 3603(8)(B). Consistent with these duties, we conclude that a probation officer does not exceed her statutory authority when she submits a petition on supervised release to a district court. "As a practical matter, the petition is simply a means by which the probation officer conveys information about the defendant to the sentencing court; in other words, it is a report,

and the probation officer is clearly empowered to so report under 18 U.S.C. § 3603(2)."[1] *Davis*, 151 F.3d at 1307. The petition is similar to other reporting forms, and the fact that it also recommends and requests judicial action does not take it outside the scope of the probation officer's reporting responsibilities. *See id.* Thus, we conclude that the probation officer's practice of submitting a petition on supervised release to the district court does not exceed her statutory authority and does not require dismissal of the petition.

## B.

▌ Mejia–Sanchez also contends that only the United States Attorney may initiate revocation proceedings under the separation of powers doctrine. We disagree. As the *Davis* court recognized, "[p]robation revocation proceedings are not criminal proceedings and there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer." *Id.* (citations and internal quotation marks omitted). A district court has supervisory authority over and maintains a relationship of trust with a defendant on supervised release. *See United States v. Marvin*, 135 F.3d 1129, 1137 (7th Cir.1998) ("We begin with a recognition that 'the violation of a condition of supervised release is not a crime, but it is a "breach of trust," and a ground for revocation of supervised release.' ") (quoting *United States v. Hill*, 48 F.3d 228, 232 (7th Cir.1995)) (alterations omitted); U.S. Sentencing Guidelines Manual, Ch. 7, Pt. A(3) (1997). As a result of this relationship, a district court may *sua sponte* initiate revocation proceedings whenever it obtains information that a defendant has violated a condition of his release. *See United States v. Feinberg*, 631 F.2d 388, 391 (5th Cir.1980) (per curiam). Indeed, some courts have recognized that

relegating this supervisory power to the United States Attorney " 'would be tantamount to abdicating the Judiciary's sentencing responsibility to the Executive.' " *Davis*, 151 F.3d at 1308 (quoting *Berger*, 976 F.Supp. at 950); *accord Wilson*, 973 F.Supp. at 1033 ("Nothing seems more unsuitable than a system in which the Court would be empowered to proceed on an alleged violation of a condition of supervised release only if the United States Attorney's Office exercised its prosecutorial discretion to place a decision in front of the Court.").

When a probation officer provides a petition on supervised release to a district court, she is fulfilling her statutory obligation to monitor and report on the defendant's conduct. *See Burnette*, 980 F.Supp. at 1433 (probation officers are an investigative and supervisory arm of the court). The probation officer's petition does not itself initiate revocation proceedings; instead, it is the district court that ultimately decides whether to initiate revocation proceedings after considering the probation officer's report and petition. *See Davis*, 151 F.3d at 1307 ("the sentencing court, not the probation officer, ultimately determines whether revocation proceedings will be initiated"); *Berger*, 976 F.Supp. at 949 ("Regardless of the title on the [petition], it was I as sentencing judge who initiated the revocation proceeding—not the probation officer."). As noted, the probation officer acts within the scope of her statutory authority when submitting a petition on supervised release to the court, and the district court may *sua sponte* initiate revocation proceedings after considering this information. Because nothing in this process impermissibly interferes with a function reserved exclusively for the Executive, we affirm the district court's refusal to dismiss the petition on this basis.

---

1. The *Davis* court stated that the catch-all provision of section 18 U.S.C. § 3603(10) ("A probation officer shall ... perform any other duty that the court may designate."), would also authorize the probation officer's petition to the court. *See Davis*, 151 F.3d at 1307. Because we find the petition to be authorized under section 3603(2), we do not consider this alternative ground.

### III.

We conclude that a probation officer does not exceed her statutory authority when she submits a petition on supervised release to a district court. We also reject Mejia–Sanchez's contention that only the United States Attorney may initiate revocation proceedings. Thus, we AFFIRM the judgment below.