# United States Court of Appeals
## For the First Circuit

_____

No. 99-2078

UNITED STATES,
Appellee,

v.

MANUEL BERMUDEZ-PLAZA,
Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini-Ortiz, Senior U.S. District Judge]
[Hon. Justo Arenas, U.S. Magistrate Judge]

_____

Before

Torruella, Chief Judge,

Lipez, Circuit Judge,

and Keeton,* District Judge.

_____

Edgardo Rodríguez-Quilichini, Assistant Federal Public Defender, Appellate Section, and Joseph C. Laws, Jr., Federal Public Defender, on brief for appellant.
Camille Vélez-Rivé, Assistant United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, Chief, Criminal Division, and Guillermo Gil, United States Attorney, on brief for appellee.

_____

* Of the District of Massachusetts, sitting by designation.

_____

August 2, 2000

_____

TORRUELLA, **Chief Judge.** When appellant Manuel Bermúdez-Plaza violated the conditions of his supervised release, the court revoked his original term of supervised release and sentenced him to nine months' imprisonment to be followed by another year of supervised release. Appellant claims on appeal that this sentence violated the Ex Post Facto Clause of the United States Constitution and was the result of an unlawful petition by his probation officer. Neither argument has merit, and we affirm the district court's judgment and sentence.

I.  **Background**

Appellant pled guilty in 1992 to possession with intent to distribute cocaine. He was sentenced in March 1993 to sixty months' imprisonment, to be followed by four years of supervised release. Appellant completed his term of imprisonment and began serving his term of supervised release in 1997.

On June 11, 1999, a United States Probation Officer filed a document entitled "Motion Notifying Violations of Supervised Release Conditions and Request for the Issuance of an Arrest Warrant" informing the court that appellant had tested positive for illegal drug use (cocaine) on several occasions in May of that year. A Supplement filed June 17, 1999 notified the court of further positive results for cocaine use.

On June 22, 1999, the district court ordered appellant to show cause why his supervised release should not be revoked, and an

arrest warrant issued. A hearing was held on August 10, 1999, and judgment was entered on August 16, 1999 revoking appellant's existing term of supervised release and sentencing him to nine months' imprisonment to be followed by one year of supervised release.

Appellant timely filed a notice of appeal. He now claims (1) that the imposition of a prison term and a new term of supervised release violated the Ex Post Facto Clause because the law at the time of his original offense permitted the imposition of imprisonment or supervised release, but not both; and (2) that the "motion" filed by the probation officer was unlawful because it exceeded the officer's statutory authority, violated the separation of powers, and constituted the unlicensed practice of law.

## II.  Law and Application

### A.  Ex Post Facto Claim

Appellant argues that the imposition of both a term of imprisonment and a term of supervised release violated the Ex Post Facto Clause because the law existing at the time of his original offense allowed only the imposition of one or the other form of punishment, not both. However, particularly in light of recent Supreme Court precedent, this argument must fail.

Appellant's claim is disposed of by the United States Supreme Court's recent decision in the factually indistinguishable case of <u>Johnson</u> v. <u>United States</u>, 120 S. Ct. 1795 (2000). In <u>Johnson</u>, the

Supreme Court held that the current provision governing the imposition of supervised release following a revocation, 18 U.S.C. § 3583(h), does not apply retroactively to the revocation of supervised release for an individual whose original offense occurred before § 3583(h)'s effective date of September 13, 1994. See id. at 1802. Consequently, the Court rejected the petitioner's ex post facto argument and determined that the validity of the petitioner's sentence depended solely on whether the imposition of supervised release following reimprisonment was authorized by 18 U.S.C. § 3583(e), the statutory provision in effect at the time of petitioner's original offense. See id. The Court concluded, as we had previously in United States v. O'Neil, 11 F.3d 292 (1st Cir. 1993), that § 3583(e) permits a sentencing court, upon revocation of an individual's supervised release, to impose both a term of imprisonment and a term of supervised release. See Johnson, 120 S. Ct. at 1807. Petitioner's sentence was therefore upheld.

The case currently before us is indistinguishable from Johnson. Appellant's original offense occurred in 1992, and revocation of his supervised release is therefore governed by 18 U.S.C. § 3583(e). Because § 3583(e) permits a sentencing court, upon the revocation of supervised release, to impose a sentence of imprisonment followed by a term of supervised release, the district court's sentence in this case was proper and is affirmed.

### B. Claim of Unlawful Action by Probation Officer

Appellant's second claim is that the probation officer's motion which precipitated the revocation of his supervised release was unlawfully filed. He argues that the probation officer exceeded her statutory authority, violated the separation of powers, and engaged in the unlicensed practice of law. Each of these contentions has been considered and rejected by other courts of appeals, and we largely adopt their reasoning.

### 1. __Statutory Authority__

Probation officers are authorized and required by law to, <u>inter alia</u>, keep informed as to the conduct and condition of a person on supervised release and to report such conduct and condition, including any violations of the conditions of release, to the sentencing court. <u>See</u> 18 U.S.C. § 3603(2), (8)(B). Appellant claims that, by going one step further and recommending a course of action to the district court, the probation officer exceeded her authority under 18 U.S.C. § 3603. We disagree.

As the United States Courts of Appeals for both the Ninth and Tenth Circuits have recognized, a motion such as that filed by the probation officer in this case is merely an exercise of the officer's statutory duty to "report" to the district court on the conduct and conditions of a person on supervised release. <u>See</u> <u>United States</u> v. <u>Mejía-Sánchez</u>, 172 F.3d 1172, 1174-75 (9th Cir. 1999); <u>United States</u> v. <u>Davis</u>, 151 F.3d 1304, 1307 (10th Cir. 1998). When a probation officer

includes in her report a recommended course of action, she is merely assisting the district court in its evaluation of the alleged violation, as is required of her as an investigatory and supervisory agent of the Judiciary. See Mejía-Sánchez, 172 F.3d at 1175 (citing United States v. Burnette, 980 F. Supp. 1429, 1433 (M.D. Ala. 1997)). In light of the valuable assistance rendered by probation officers to district courts, we decline to read § 3603 so narrowly as to prohibit a probation officer from providing the court with the benefit of her professional experience, both in general and with regard to the particular individual at issue, in the form of a suggested course of action.

## 2. Separation of Powers

Appellant's next argument -- that the motion violated the separation of powers because only the Attorney General may initiate revocation proceedings -- also fails. As the Ninth and Tenth Circuits have noted, revocation hearings are not criminal proceedings and neither the Attorney General nor any other officer is solely responsible for their initiation. See id.; Davis, 151 F.3d at 1307. To the contrary, the sentencing court may initiate revocation proceedings sua sponte whenever it learns of a possible violation of an individual's conditions of release. See Mejía-Sánchez, 172 F.3d at 1175; Davis, 151 F.3d at 1307. Moreover, it is the court and the court alone that ultimately decides whether or not revocation proceedings

shall be initiated and, if initiated, what consequences will befall the individual who has violated his conditions of release. See Mejía-Sánchez, 172 F.3d at 1175; Davis, 151 F.3d at 1307. In reporting suspected violations, and even in recommending a particular course of action, the probation officer is simply performing her statutory duty to assist the court in its supervision of individuals on supervised release, which supervision is an integral part of the courts' quintessentially judicial sentencing responsibility. See Mejía-Sánchez, 172 F.3d at 1175 (citing Davis, 151 F.3d at 1308).

We hold that the motion filed in this case was fully consistent with the probation officer's statutorily mandated role as an assistant to the district court and, as such, did not offend the separation of powers.

### 3. Unlicensed Practice of Law

Finally, we follow the Tenth Circuit in rejecting the argument that, by filing a "motion" recommending a course of action, the probation officer engaged in the unlicensed practice of law. See Davis, 151 F.3d at 1308. The probation officer here was engaged not in the practice of law, but rather in the performance of her statutory duty to monitor the conduct and condition of an individual on supervised release and to report such conduct and condition, including any violations of the conditions of release, to the sentencing court.

See 18 U.S.C. § 3603(2), (8)(B).  She was acting as an agent of the Judiciary itself, not as a practicing attorney.

**III.  Conclusion**

For the reasons set forth above, we conclude (1) that the imposition of both a term of imprisonment and a further term of supervised release following revocation of appellant's supervised release did not violate the Ex Post Facto Clause and was permitted by the applicable statute, 18 U.S.C. § 3583(e); and (2) that the motion filed by the probation officer was lawful and proper.  We therefore affirm the judgment and sentence entered by the district court.

**Affirmed.**