Deborah Hopkins v. USA          CV-00-418-B    11/12/00

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Deborah Curtis Hopkins**

  **v.**                                      Civil No. 00-418-B
                                             Opinion No. 2000DNH241
**United States of America**


### MEMORANDUM AND ORDER

Deborah Curtis Hopkins *pro se* moves, pursuant to 28 U.S.C. § 2255, to vacate or set aside the sentence imposed on her by the court.  She argues that the court lacked the authority to sentence her to an additional term of supervised release following her reimprisonment for violating the conditions of her initial term.  Because Hopkins' argument is premised on a flawed reading of <u>Johnson v. United States</u>, 120 S.Ct. 1795 (2000), I dismiss her motion.


### I.  BACKGROUND

In August 1994, Hopkins pled guilty to the federal crime of conspiracy to possess, with the intent to distribute, cocaine and

cocaine base.  On June 23, 1995, this court sentenced her to thirty-six months imprisonment followed by a four-year period of supervised release.

Hopkins filed a motion to vacate her sentence, pursuant to 28 U.S.C. § 2255, on December 4, 1995, alleging that her guilty plea was tainted.  The court denied her motion.

On February 25, 1998, Hopkins was released from prison and began serving her period of supervised release.  After a hearing on February 14, 2000, the court found that Hopkins had violated the terms of her supervised release.  The court subsequently sentenced Hopkins to six months imprisonment to be followed by a two-year period of supervised release.  She did not appeal this decision.  Hopkins filed the instant motion on September 1, 2000.

## II.  DISCUSSION

28 U.S.C. § 2255 provides, in relevant part, that:

> "[a] prisoner in custody under sentence of a
> [federal] court . . . claiming the right to
> be released upon the ground that the sentence
> was imposed in violation of the Constitution

> or laws of the United States . . . may move
> the court which imposed the sentence to
> vacate, set aside, or correct the sentence."

Hopkins satisfies the threshold requirements of § 2255. <u>See</u> <u>United States v. Barrett</u>, 178 F.3d 34, 42 (1st Cir. 1999).

The government opposes Hopkins' motion on procedural and substantive grounds. I assume for purposes of analysis that: (1) the instant motion is Hopkins' first § 2255 motion and therefore is not subject to the certification requirements of § 2255; and (2) Hopkins had cause for not raising her present argument on direct appeal. Notwithstanding these assumptions, I conclude that this case must be dismissed because Hopkins' argument is based on an incomplete reading of <u>Johnson</u>.

Hopkins argues that the court lacked the authority to impose an additional term of supervised release after she violated her initial term. She bases her entire argument on the following language from <u>Johnson</u>: "§ 3583(h) [which authorizes courts to impose an additional term of supervised release following the reimprisonment of those who violate the conditions of an initial

term] applies only to cases in which that initial offense occurred after . . . September 13, 1994," the date of enactment. 120 S.Ct. at 1802. She goes on to say that since her initial offense occurred prior to September 13, 1994, § 3583(h) does not apply to her. Therefore, she argues, the court lacked the authority to reimpose supervised release. Moreover, she contends that to the extent that the court applied § 3583(h) to her retroactively, such action was in violation of the Ex Post Facto Clause of the Constitution. See U.S. Const. Art. I, § 9, cl. 3.

Hopkins' argument fails because she neglects to put the above-quoted language from Johnson in the context of the entire opinion. In Johnson, the Supreme Court faced an Ex Post Facto Clause challenge to the retroactive application of 18 U.S.C. § 3583(h). 120 S.Ct. at 1798. The Supreme Court found no need to resolve the Ex Post Facto Clause issue, however, because it concluded that Congress did not intend for § 3583(h) to apply retroactively. Id. at 1801-02.

The Court was then left with the question of whether federal law prior to the enactment of § 3583(h), specifically 18 U.S.C. § 3583(e)(3), authorized district courts to impose an additional term of supervised release following reimprisonment for violating the conditions of an initial term. See id. at 1802. The Circuit Courts of Appeal had split on the issue, with the majority of Circuits concluding that § 3583(e)(3) did not grant courts that power. See id. at 1799 n.2.

The Court ultimately sided with the minority position and concluded that district courts had the authority under § 3583(e)(3) to order terms of supervised release following reimprisonment. Id. at 1807. Thus, Johnson does not support Hopkins' motion, rather it forecloses her entire line of argument. Based on Johnson, the court had the authority under § 3583(e)(3) to sentence Hopkins to her current term of supervised release. See United States v. Bermudez-Plaza, 221 F.3d 231, 233-34 (1st Cir. 2000). Accordingly, I dismiss Hopkins' motion.

## CONCLUSION

For the foregoing reasons, I dismiss Hopkins' motion (Doc. No. 1) with prejudice.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

November 12, 2000

cc:   Deborah Curtis Hopkins, *pro se*
      Peter E. Papps, Esq.