**UNITED STATES of America,**
**Appellee,**

v.

**Joseph Michael AMATEL,**
**Defendant–Appellant.**

**Docket No. 03–1212.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 26, 2003.

Decided: Oct. 8, 2003.

Jacob W. Buchdahl, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Stephen R. Lewis, Stephens, Baroni, Reilly & Lewis, LLP, White Plains, NY, for Defendant–Appellant.

Before: MESKILL, KATZMANN, AND RAGGI, Circuit Judges.

PER CURIAM.

Defendant–Appellant Joseph Michael Amatel appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) sentencing him to eighteen months' incarceration for violating a condition of his supervised release. Amatel argues that the district court erred in denying his motion to dismiss the revocation proceedings on the grounds that the Probation Office exceeded its statutory authority and violat-

ed the doctrine of separation of powers when it petitioned the court for an arrest warrant based on Amatel's violation of his supervision. For the reasons that follow, we affirm.

## BACKGROUND

Amatel pled guilty before the district court on March 6, 1995, to one count of bank robbery. On June 8, 1995, the district court sentenced him to seventy-one months' imprisonment and a three-year term of supervised release. Amatel began serving his term of supervision in January 2000. He struggled with supervision, evidently in part because of his drug use. On March 28, 2002, he was arrested in New Jersey after allegedly holding a knife to his live-in girlfriend's throat and threatening to kill her. Amatel was indicted on five counts, and he pled guilty in New Jersey state court to one count of unlawfully possessing a weapon as a felon on October 4, 2002. He was sentenced on November 22 to eighteen months in prison.

The Probation Office alerted the district court to Amatel's arrest, and a detainer was lodged against him. On January 29, 2003, the Probation Office submitted an amended Request for Court Action that charged Amatel with six violations of his supervised release conditions: the five counts upon which he had been indicted in New Jersey and an additional count charging him with failure to abide by court-ordered drug testing. The Probation Office attached a Petition for Warrant or Summons ("the Petition") to the Request. The Petition sought a hearing before the district court on the violation allegations.

On March 21, 2003, Amatel moved via counsel to dismiss the petition on the grounds that it violated the doctrine of separation of powers. Amatel also filed a *pro se* addendum to counsel's letter-brief. The district court held a hearing on March 27, 2003, at which it denied Amatel's motion. The district court noted that such documents had long been in use, and that the Probation Office did not appear at the adversarial proceeding to represent the government; rather the United States Attorney's office appeared, as usual. The court also compared the revocation procedure with a contempt action. Amatel then pled guilty to possession of a weapon in violation of a condition of his release. The district court sentenced him to eighteen months, a sentence at the low end of the range recommended by the relevant sentencing guidelines policy statement, and ordered that the sentence run concurrently with any New Jersey sentence.

This appeal followed. Amatel is currently incarcerated.

## DISCUSSION

United States Probation Officers are "officers of the court," who act as the court's "eyes and ears" and "provide information and recommendations to the court." *Unites States v. Reyes*, 283 F.3d 446, 455 (2d Cir.2002) (internal quotations omitted), *cert. denied*, 537 U.S. 822, 123 S.Ct. 106, 154 L.Ed.2d 31 (2002); *see also* 18 U.S.C. § 3603(2) (stating that probation officers will "report" the "conduct and condition" of person on supervised release to the sentencing court). Pursuant to this important role, Probation Officers in the Southern District of New York, like many of their counterparts in other districts both within this Circuit and across the country, have long had a practice whereby, upon learning that a defendant under their supervision may have violated the terms of his release, the office would forward a petition to the district court seeking to initiate a proceeding to determine whether that release should be revoked. *See* 18 U.S.C. § 3583(e)(3) (providing that a district court may revoke a previously-im-

posed term of supervised release). Amatel challenges this practice, arguing that it violates the doctrine of separation of powers and is the equivalent of the unauthorized practice of law. We reject this argument.

The sole support for Amatel's argument derives from a 1997 decision in the United States District Court for the Eastern District of Arkansas holding illegal a similar practice in that district on the grounds that it exceeded the office's statutory authority and constituted the unauthorized practice of law. *United States v. Jones,* 957 F.Supp. 1088, 1091 (E.D.Ark.1997). Since then, every court that has considered such a challenge has rejected it and affirmed the legality of such petitions. *See United States v. Cofield,* 233 F.3d 405, 409 (6th Cir.2000), *cert. denied,* 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001); *United States v. Bermudez–Plaza,* 221 F.3d 231, 234–35 (1st Cir.2000); *United States v. Mejia–Sanchez,* 172 F.3d 1172, 1174–76 (9th Cir.), *cert. denied,* 528 U.S. 982, 120 S.Ct. 438, 145 L.Ed.2d 343 (1999); *United States v. Davis,* 151 F.3d 1304, 1306–08 (10th Cir.1998).

In *Davis,* the Tenth Circuit reasoned that the reporting of a potential violation does not exceed a Probation Officer's statutory duty. The court discussed in some detail the "unique role" played by the Probation Department as a "liaison between the sentencing court, which has supervisory power over the defendant's term of supervised release, and the defendant, who must comply with the conditions of his supervised release or run the risk of revocation." 151 F.3d at 1306–07. The court concluded—as the district court did in this case—that the challenged instruments were not so much accusatory instruments as reports, by which "a probation officer conveys information about the defendant to the sentencing court," thereby fulfilling the duties outlined in 18 U.S.C. § 3603(2). *Id.* at 1307. Thus, there was no merit to the suggestion that probation officers engaged in the practice of law when they filed such reports. Neither did such filings violate the doctrine of separation of powers. The *Davis* court emphasized that although probation officers might recommend certain actions when filing a violation petition, the ultimate decision about whether to initiate revocation proceedings rested with the district court. The fact that a sentence of supervised release established an "ongoing relationship between the sentencing court and the defendant" necessarily empowered the court to initiate revocation proceedings *sua sponte. Id.* at 1307–08 ("Though the U[nited] S[tates] Attorney retains discretion to file new criminal charges against the defendant arising from the defendant's violation of conditions of release which are criminal in nature, we reject Mr. Davis's view of the U[nited] S[tates] Attorney as the only officer who may initiate revocation of supervised release."). Today we adopt the reasoning of our sister courts and hold that a Probation Office acts within its authority when it conveys a petition for revocation to the sentencing court.

We have considered all of Appellant's arguments and find them to be without merit.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.