**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Enrique MIRANDA–SANCHEZ, Defendant—Appellant.**

No. 05–50267.

United States Court of Appeals, Ninth Circuit.

Submission Deferred Feb. 28, 2006.

Resubmitted May 16, 2006.*

Decided May 22, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Joan Kerry Bader, Esq., San Diego, CA, for Defendant—Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Enrique Miranda–Sanchez ("Miranda") appeals the revocation of his supervised release following his conviction for illegal reentry following removal, in violation of 8 U.S.C. § 1326. We affirm.

"Because supervised release is imposed as part of the sentence authorized by the fact of conviction and requires no judicial fact-finding," the supervised release statute, 18 U.S.C. § 3583, does not violate the Sixth Amendment. *United States v. Huerta–Pimental*, 04–50037, slip op. at 4569, 4573 (9th Cir. April 24, 2006). Thus, the district court's imposition of supervised release was constitutional. Likewise, the district court's decision to *revoke* supervised release was constitutional. *Id.* Furthermore, the revocation of Miranda's supervised release was discretionary, and so did not violate *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Huerta–Pimental*, slip op. at 4569, 4574–75.

The revocation of Miranda's supervised release did not constitute a second prosecution for the same conduct in violation of the Double Jeopardy Clause. For double jeopardy purposes, punishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for conduct leading to revocation. *United States v. Soto–Olivas*, 44 F.3d 788, 791 (9th Cir.1995) (citing *United States v. Clark*, 984 F.2d 319 (9th Cir.1993)).

The district court did not "prosecute" Miranda or violate the doctrine of separation of powers by finding that he had violated a condition of his supervised release. The district court sentenced Miranda, and then, according to its statutory authority, and upon petition by the probation office, found facts that led to the revocation of Miranda's supervised release. The court never performed a prosecutorial function, and quite clearly performed activities within its station. Furthermore, when a probation officer petitions for revocation of supervised release, "she is fulfilling her statutory obligation to monitor and report on the defendant's conduct." *United States v. Mejia–Sanchez*, 172 F.3d 1172, 1175 (9th Cir.1999).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

