

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# USA v. Ware

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ware" (2007). *2007 Decisions.* Paper 1566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4138
_____

UNITED STATES OF AMERICA

v.

JOHN WARE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00084)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
February 16, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DOWD,[*] *District Judge*.

(Filed: February 27, 2007)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

FISHER, *Circuit Judge*.

After John Ware filed a timely notice of appeal from the District Court's revocation of his supervised release, Ware's appointed counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we will grant counsel's *Anders* motion.

I.

As we write only for the parties, who are familiar with the factual and procedural history of the case, we will set forth only those facts necessary to our analysis. Ware was convicted of bank fraud in the United States District Court for the Middle District of Pennsylvania and subsequently sentenced on September 12, 2002, to fifteen months imprisonment and five years of supervised release.[1]

While Ware has completed the service of his term of imprisonment, he has been back before the District Court on three occasions for violating the terms of his supervised release. The District Court found Ware to be in violation of his supervised release on the first two occasions and revoked his supervised release each time. The third and most recent violation hearing was commenced on July 12, 2005, when Ware's probation officer filed a violation petition with the District Court alleging that Ware had violated the conditions of his supervised release by (1) failing to report to his probation officer on numerous occasions; (2) changing his residence without providing notice; (3) using

_____

[1]On February 6, 2003, Ware's case was transferred to the Eastern District of Pennsylvania.

cocaine; and (4) failing to participate in mental health and drug treatment at the direction of the probation office.

At the August 30, 2005 revocation hearing, Ware did not contest that he repeatedly tested positive for cocaine use and repeatedly failed to report to his probation officer. The District Court found Ware in "wholesale violation of the conditions of his supervised release," sentenced him to twelve months of imprisonment, and ordered his supervised release to be terminated.

Ware filed a timely notice of appeal. Concluding that there were no non-frivolous issues to appeal, Ware's counsel filed a motion to withdraw pursuant to *Anders v. California*, together with a supporting brief.

## II.

"In *Anders*, the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). In his role as advocate, the "constitutional requirement of substantial equality and fair process . . . requires that counsel support his client's appeal to the best of his ability." *Id.* However, if a thorough examination of the client's case indicates that the client has no reasonable grounds for appeal, counsel "should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. When so doing, counsel must submit a brief in support, identifying any issues that might "arguably support the appeal." *Id.*

3

"The Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representation." *Youla*, 241 F.3d at 300. Rule 109.2(a) requires that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders* . . . which shall be served upon the appellant and the United States." *Id.* Once counsel has filed an *Anders* motion and submitted a brief, it is our role to decide whether the case before us is wholly frivolous. Our inquiry is two-fold, considering first "whether counsel adequately fulfilled the requirements of [Rule 109.2(a)]," and, then "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

A.

Under the first prong of a Rule 109.2(a) inquiry, counsel must present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . to explain why the issues are frivolous." *Youla*, 241 F.3d at 300. After thoroughly reviewing the record in this appeal, we conclude that counsel has satisfied the requirements of Rule 109.2(a).

Although counsel need not raise and reject every possible claim, he must "provide sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* (internal

4

quotation marks and citations omitted). In his Brief, counsel identified four possible issues for appeal and submitted a review of the law and an appendix with the salient portions of the record. Furthermore, counsel has set forth in his brief why the four issues raised are frivolous. Such a compilation demonstrates that counsel thoroughly searched the record and the law in service of his client.

B.

After satisfying ourselves that the first prong of our Rule 109.2(a) inquiry has been met by counsel's thorough examination of the record, we must review the record to determine whether there exist any non-frivolous issues for appeal. An appeal is frivolous where "none of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *Youla*, we adopted the approach of the Court of Appeals for the Seventh Circuit in *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996), to ascertain "how deeply the appellate courts must explore the record to determine whether" the case is wholly frivolous. *Youla*, 241 F.3d at 301. We rejected a "complete scouring of the record" and held that "where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by reviewing the *Anders* brief itself." *Id.* (internal quotation marks and citations omitted). Because the *Anders* brief filed here by counsel is adequate on its face, we are accordingly guided by that Brief.

We initially agree with counsel that there is no colorable claim that the revocation proceedings were inappropriately initiated. When a probation officer files a petition

5

alleging a violation and requesting action by the court, the officer is merely acting as an agent for the district court and giving it the information necessary to initiate a revocation proceeding on its own. *United States v. Cofield*, 233 F.3d 405, 408-09 (6th Cir. 2000). Therefore, Ware's probation officer properly informed the District Court of Ware's violations and proceedings were properly commenced. *See*, *e.g.*, *id.*; *United States v. Mejia-Sanchez*, 172 F.3d 1172, 1174 (9th Cir. 1999); *United States v. Davis*, 151 F.3d 1304, 1307 (10th Cir. 1998).

Further, the record discloses that the District Court complied in all respects with the due process requirements established in *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), *Black v. Romano*, 471 U.S. 606, 612 (1985), and the procedural requirements established in Federal Rule of Criminal Procedure 32.1 in conducting Ware's revocation hearing. First, the probation officer's petition and report for revocation provided Ware with written notice of the alleged supervised release violations. *United States v. Barnhart*, 980 F.2d 219, 223 (3d Cir. 1992). At the revocation hearing, which was held within a reasonable time, Ware was represented by counsel who was granted an opportunity to cross-examine witnesses. The evidence against Ware was disclosed, and he was provided with an opportunity to be heard and to speak on his own behalf. Upon revoking Ware's probation, the District Court provided a clear statement as to the evidence on which it relied and the reasons for revoking Ware's supervised release. Finally, the record does not suggest that the District Court was not neutral and detached.

6

As to any possible claim that there was insufficient evidence to revoke Ware's supervised release, we agree with counsel that Ware's admission to having committed each of the violations alleged against him is sufficient evidence to support the revocation.

Finally, as to any potential claim that the sentence imposed on Ware after the revocation of his supervised release was unlawful or an abuse of the District Court's discretion, we agree with counsel that no non-frivolous issue for appeal exists here. Ware was being sentenced after having committed four Grade C violations and after having been found to have violated his supervised release on two prior occasions. The sentence of twelve months imprisonment was within statutory limits and the advisory range suggested by the United States Sentencing Guidelines and was reasonable under the circumstances. The District Court did not abuse its discretion in imposing such a sentence. *See United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997) (finding district court's imposition of sentence for violation of supervised release was not an abuse of discretion where it properly considered the suggested Guidelines sentence in combination with defendant's drug habit).

### III.

In sum, after conducting our own review, we find no non-frivolous issues to raise on appeal. Accordingly, we will grant counsel's *Anders* motion and affirm the judgment of the District Court.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States

7

Supreme Court on Ware's behalf.  *See* Local Appellate Rule 109.2(b).