**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo TORRES–CASTILLO,**
**Defendant–Appellant.**

**No. 06–50661.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Oct. 26, 2007.

Orlando B. Gutierrez, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joan Kerry Bader, Esq., San Diego, CA, for Defendant–Appellant.

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

### MEMORANDUM **

Arturo Torres–Castillo ("Torres") timely appeals his twelve-month sentence for violating the conditions of his supervised release. Torres argues that the revocation of his supervised release and the corresponding twelve-month sentence violated the statutory maximum for his crime, the Fifth and Sixth Amendments, and the Separation of Powers doctrine. All of these arguments have previously been rejected by this court.

■ In 2002, Torres pled guilty to two counts of illegal entry under 8 U.S.C. § 1325 and received a total of thirty months in prison and twelve months of supervised release. Torres completed his sentence in 2004 and began his supervised release. In 2005, he then attempted to reenter the country and was given a twelve-month sentence for violating a condition of his supervised release. Torres argues that because thirty months constituted the statutory maximum, his subsequent twelve-month sentence for violating his supervised release constituted a statutory maximum violation. We have previously rejected such a claim. *United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (holding that the supervised release statute, 18 U.S.C. § 3583, "authorize[s] a period of supervision, and perhaps imprisonment, beyond what is provided by the ... substantive criminal laws.").

** This disposition is not appropriate for publication and is not precedent except as provid-

■ The revocation of supervised release does not constitute double jeopardy under the Fifth Amendment. *Id.* at 791 ("[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation...."). Nor does the revocation of supervised release violate the Sixth Amendment. *See United States v. Huerta–Pimental*, 445 F.3d 1220, 1224–25 (9th Cir.2006). We also do not find any merit in Torres's due process argument.

Torres's argument that the revocation of supervised release violates the Separation of Powers doctrine is foreclosed by *United States v. Mejia–Sanchez*, 172 F.3d 1172, 1175 (9th Cir.1999) ("[N]othing in [the supervised release] process impermissibly interferes with a function reserved exclusively for the Executive ....").

Finally, Torres was given proper notice of the conditions of his supervised release, both in written form and at his sentencing.

**AFFIRMED.**