**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 29, 2007
Decided November 30, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-2322

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

IVY T. TUCKER,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Eastern District of Wisconsin

No. 04-CR-144-001

J.P. Stadtmueller,
*Judge.*

## O R D E R

The district court convicted Ivy Tucker of unlawful possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g), and sentenced him to 15 years' imprisonment, followed by a three-year term of supervised release. After his release, he committed multiple violations of his release conditions. His probation officer petitioned the district court to revoke his supervised release, and Tucker admitted to eight violations of the conditions. The court revoked his release and sentenced him to twelve months and one day in prison. Tucker filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he can find no nonfrivolous issues on which to base his appeal. Tucker has not accepted our invitation to reply to counsel's motion. *See* Cir. R. 51(b). Because counsel's brief is facially adequate, we confine our review to

the potential issues he identifies.  *See United States v. Schuh*, 289 F.3d 968, 973-74
(7th Cir. 2002).

        Tucker's attorney first considers whether he could challenge the validity of
the petition that led to the revocation on the ground that the petition was filed by a
probation officer rather than an attorney.  But 18 U.S.C. § 3603(8)(B) commands
the "probation officer" to "immediately report any violation of the conditions of
release to the court."  Counsel acknowledges that the statute's reference to
"probation officers" is unambiguous, and that every circuit court to consider the
potential argument the petitioner must appear through a government attorney has
rejected it.  *See United States v. Ahlmeier*, 391 F.3d 915, 924 (8th Cir. 2004); *United
States v. Amatel*, 346 F.3d 278, 280 (2d Cir. 2003);  *United States v. Cofield*,
233 F.3d 405, 408-09 (6th Cir. 2000); *United States v. Bermudez-Plaza*, 221 F.3d
231, 234-25 (1st Cir. 2000); *United States v. Mejia-Sanchez*, 172 F.3d 1172, 1174
(9th Cir. 1999); *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).  We,
too, have done so, albeit in a nonprecedential order.  *United States v. Ingram*,
208 F. App'x 453, 455 (7th Cir. 2006).

        The one case counsel found that suggests otherwise, *United States v. Jones*,
957 F. Supp. 1088 (E.D. Ark. 1997), was expressly repudiated by its own circuit
court in *Ahlmeier* (as well as the other circuit courts), reasoning that the statute
expressly obligates and authorizes probation officers themselves to petition for the
revocation of supervised release.  391 F.3d at 923.  Probation officers themselves
appear before the court because they are servants of the court.  *See* 18 U.S.C.
§ 3602.  Even if the Eighth Circuit had not repudiated *Jones*, a district court
decision from another circuit is entitled only to the weight merited by the
persuasiveness of its reasoning.  *Colby v. J.C. Penney*, 811 F.2d 1119, 1124 (7th Cir.
1987).  Given the statutory command that probation officers report release
violations to the court, *see* 18 U.S.C. § 3603(8)(B), and their status as officers of the
court, *see* 18 U.S.C. § 3602, it would be wholly without merit for counsel to argue
that probation officers may not themselves petition the district court that they serve
to revoke supervised release.

        Next, counsel considers whether he could argue that the district court abused
its discretion by revoking his supervised release.  As counsel notes, we would review
the decision for an abuse of discretion, *United States v. Young*, 41 F.3d 1184, 1186
(7th Cir. 1994), and here there was none.  Tucker admitted to eight Grade C
violations of his release, including periods of unemployment, convictions for traffic
offenses, alcohol use, and a positive test for cocaine use.  Once the district court had
found just one Grade C violation, it acted within its discretion to revoke supervised
release.  U.S.S.G. § 7B1.3(a)(2).

Finally, counsel contemplates whether he could challenge the reasonableness of the postrevocation sentence of reimprisonment. We review a lower court's sentence of reimprisonment only to determine if it is "plainly unreasonable." *United States v. Kizeart*, No. 07-1397, 2007 WL 2938374, at *2 (7th Cir. Oct. 10, 2007). This is the "narrowest judicial review of judgments we know," and thus requires only "a modicum of evidence." *Id.* at *3. Tucker's violations were Grade C violations, *see* U.S.S.G. § 7B1.1(a)(3), and his criminal history category was VI. The court correctly calculated a guidelines range of 8-14 months' imprisonment. U.S.S.G. § 7B1.4. The court properly consulted the 18 U.S.C. § 3553(a) factors as well when it considered Tucker's criminal history, uniformity in sentencing, and the need to protect the public from future criminal conduct. *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Finally, the court sentenced him to twelve months and one day in prison. Counsel cannot identify any argument that this within-guideline sentence was plainly unreasonable, and we agree that challenging it as such would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.