**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDOLPH GEORGE STANKO,

Defendant - Appellant.

Nos. 12-30009, 12-30019,
12-30076, 12-30128

D.C. No. 1:11-cr-00103-RFC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted March 6, 2013
Portland, Oregon

Before: CLIFTON and BEA, Circuit Judges, and MAHAN, District Judge.[**]

Rudolph G. Stanko appeals the revocation of his supervised release and the

imposition of special conditions of supervised release. He also raises constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James C. Mahan, U.S. District Judge for the District of
Nevada, sitting by designation.

challenges based on the right to due process, right to jury trial, privilege against self-incrimination, and separation of powers. We affirm.

Sufficient evidence supports the district court's findings that Stanko violated his conditions of supervised release. *See United States v. King*, 608 F.3d 1122, 1129-30 (9th Cir. 2010). These conditions of supervised release were not unconstitutionally vague as applied to him. *See United States v. King*, 608 F.3d 1022, 1128 (9th Cir. 2010) (citations and quotation marks omitted). Stanko was not entitled to a jury trial in his supervised release proceedings. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006). He did not invoke his Fifth Amendment privilege when he was first asked about his association with a felon, and he cannot do so now. *See Minnesota v. Murphy*, 465 U.S. 420, 427 (1984). The Judiciary does not "interfere[] with a function reserved exclusively for the Executive" by implementing the system of supervised release. *United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999).

Though the district court did not make separate findings regarding the two special conditions it imposed, the reasons may be discerned, and the record of Stanko's violations and previous crimes justify these conditions. *See United States v. Rearden*, 349 F.3d 608, 619 (2003).

**AFFIRMED.**