FILED

NOT FOR PUBLICATION

NOV 25 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODOLFO GAVILANES-OCARANZA,

Defendant - Appellant.

No. 13-50123

D.C. No. 3:09-cr-01607-L-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted October 7, 2014[**]
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[***] District
Judge.

Defendant Rodolfo Gavilanes-Ocaranza appeals the district court's

revocation of supervised release and sentence of 12 months' imprisonment.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

Reviewing for plain error, United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc), we affirm.[1]

1. The district court did not expose Defendant to double jeopardy in violation of the Fifth Amendment. Supervised release is part of "the punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release." United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995) (internal quotation marks omitted). Further, use of a prior conviction to enhance a sentence does not constitute double jeopardy. Monge v. California, 524 U.S. 721, 728 (1998).

2. The district court did not violate separation of powers principles when it initiated supervised release revocation proceedings at the request of a probation officer. "A district court has supervisory authority over and maintains a relationship of trust with a defendant on supervised release." United States v. Mejia-Sanchez, 172 F.3d 1172, 1175 (9th Cir. 1999). Therefore, the court or supervised release officials may initiate revocation proceedings without violating separation of powers. Id.

---

[1] We decide Defendant's Sixth Amendment claims in an opinion published this date.

3. The district court complied with procedural sentencing requirements by stating the applicable Guideline range and referencing the history and characteristics of the defendant, the nature and circumstances of the offense, and the type and range of sentences recommended by the Guidelines. See 18 U.S.C. § 3553(c) (listing sentencing requirements). Moreover, the district court properly focused on the breach of trust between Defendant and the court in imposing the additional 12 months' imprisonment. United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**